# Mooney *v.* Walter.

*Bill in Equity to Enjoin Sale under Power in Mortgage, and for an Account.*

1. *Exceptions to register's report; when note of evidence required.*—Under Rule 93 of Chancery Practice, a party excepting to that part of a

[Mooney v. Walter.]

register's report which is based on conclusions of fact drawn from the evidence introduced on a reference before him, is required to note the evidence or parts of evidence he relies on in support of his exception, "with such designation and marks of reference as to direct the attention of the court to the same;" and failing to do so, it is not error for the chancery court to refuse to sustain the exception, although it may be well taken.

2. *Bill to enjoin sale under mortgage; when cross bill not necessary to support decree of sale for payment of mortgage debt.*.—Under a bill filed by a mortgagor seeking to enjoin a sale of property conveyed by mortgage under a power contained therein, on the grounds of usury and payment, and offering to pay whatever sum might be adjudged to be due on the mortgage debt, and submitting himself to the jurisdiction of the court, a court of equity, deriving jurisdiction from such offer and submission, has adequate power, without a cross bill, to decree a sale of the mortgaged premises for a payment of the mortgage debt, unless the same is paid by the mortgagor within the time specified in the decree.

.APPEAL from Montgomery Chancery Court.

Heard before Hon. H. AUSTILL.

The facts touching the points decided by the court are sufficiently stated in the opinion.

H. A. HERBERT and RICE & WILEY, for appellant.

D. S. TROY, *contra.*

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—We can see no error in the decree of the chancellor, in this case, overruling the exceptions taken to the report of the register. These exceptions have reference to conclusions of fact drawn from the evidence, and the Rule of Chancery Practice requires, in such cases, that the party taking the exception should note the evidence, or parts of evidence, he relies on in support of such exception, "with such designation and marks of reference, as to direct the attention of the court to the same."—Rule 93 of Chancery Practice, p. 174, Code, 1876. The purpose of this rule is to relieve the court of the necessity of "wandering at large into the evidence, in order to ascertain whether by possibility the master was wrong in his conclusion or not."—*Per* STORY, J., in *Donnell v. Ins. Co.* 2 Sum. 371; *Mahone v. Williams*, 39 Ala. 202. The appellant having failed to conform to the requirements of this rule, the chancellor did not err in refusing to sustain the exceptions, even had they been well taken.

There was no error in the decree of the chancellor ordering the mortgaged premises to be sold for the payment of the mortgage debt, without a *cross-bill* being filed by the defendant. The appellant, as mortgagor, had sought by her bill to enjoin a sale of the lands, under a power in the mortgage, on the grounds

[Daffron v. Crump.]

of usury and payment. She had properly offered to pay whatever sum might be adjudged to be due by her to the mortgagee, and had submitted herself to the jurisdiction of the court. The decree permitted her to redeem upon paying the amount of the mortgage debt, with costs, within thirty days, and, upon default of such payment, ordered the register to proceed to sell the land for the purpose of paying the debt, and after satisfying the same, to pay over the surplus to the mortgagor. Though the practice in some of the States is to require, in cases of this character, a cross-bill praying for foreclosure, the rule is otherwise under our system of practice. The power of a court of equity is adequate to grant full relief by sale of the mortgaged premises, and decree against the complainant for the amount admitted in the bill to be due, without a cross-bill. This jurisdiction is derived from the offer of the complainant to pay the debt, and the submission by her of the case to the court, which can always compel one to *do* equity, who *invokes* equity at its hands.—*Eslava v. Crampton*, 61 Ala. 507; *Branch Bank v. Strother*, 15 Ala. 51; 2 Jones on Mort. §§ 1106–7.

The decree of the chancellor is affirmed.