# Alston *v.* Morris & Co. *et al.*

## Bill in Equity to enjoin a Mortgage Sale.

1. *Preliminary injunction of the foreclosure of a mortgage; when improperly dissolved.*—Where, upon a mortgagee having advertised the mortgaged property for sale under the power contained in the mortgage, the mortgagor files a bill to enjoin such sale and for an accounting and redemption, alleging usury in the mortgage debt and offering to pay whatever may be found due with legal interest, and a preliminary injunction is issued restraining the sale, it is error for the court in rendering a final decree in which it is ascertained what was due upon

[Alston v. Morris & Co. *et al.*]

the mortgage debt, and in which it was ordered that unless said sum was paid within a given time the mortgaged property should be sold for its satisfaction, to further decree a dissolution of the preliminary injunction; the complainant having been successful in his litigation to the extent of showing the propriety of the injunction, there was nothing which justified the dissolution thereof.

APPEAL from the Chancery Court of Montgomery. Heard before the Hon. JERE N. WILLIAMS.

The facts of the case are sufficiently stated in the opinion.

G. L. COMER and H. D. CLAYTON, for appellant.

THOS. H. WATTS, *contra*.

HEAD, J.—The appellant executed to Lehman, Durr & Co. certain mortgages upon his land to secure the several sums of money therein mentioned, and these mortgages were transferred to Josiah Morris & Co. The latter firm having advertised the property for sale under the powers contained in the instruments, the appellant filed his bill for an accounting and redemption, alleging that if certain usurious charges were deducted he would owe nothing upon the debts; at the same time offering to pay whatever might be found to be due, with lawful interest.

At the filing of the bill, an injunction restraining the said sale was procured, and upon the hearing, a decree was rendered, ordering a reference to state the account, and instructing the register not to allow charges for storage and commission for the sale of cotton, which was agreed to be but was not delivered, if such charges were found to be made a cover for usury. The register reported that the appellant was entitled to large reductions, on account of usurious charges, from the sum claimed by said mortgagees and their transferees, and to this report no exceptions were filed.

It is from the decree entered upon the register's report, that the appeal is taken. By that decree, as far as it is material now to state its terms, the court ascertained what was due upon the mortgage debts, allowed thirty days for payment, and directed that unless payment be made within that time the register should pro-

[Alston v. Morris & Co. *et al.*]

ceed to sell the land for the satisfaction of the amount. The court also decreed that the preliminary injunction, restraining the sale under the powers, be dissolved; and it is of this provision alone that the appellant in argument here complains.

The only reason suggested by the counsel for the appellees why it was necessary or proper to dissolve the preliminary injunction is, that otherwise the register would have been placed in the position of being ordered in the decree to proceed with the sale, and in the order for the injunction restrained from proceeding; that the respondents would have been in the position of having by decree the right to have the property sold and also at the same time enjoined from proceeding with its execution. This contention is obviously untenable. It ignores the fact that it was the sale under the powers contained in the mortgage which had been restrained, not a sale which the court under its rule might order in the pending cause.

This suggestion being disposed of, does any other ground on which to justify the dissolution appear? We think not. The result of the litigation demonstrates that the writ was properly sued out. It had prevented the foreclosure which would have turned the equity of redemption into the mere statutory right, and had afforded the appellant an opportunity to redeem by paying the true amount for which he was liable. In fact the appellant was successful in his litigation, at least to the extent of showing the propriety of the injunction, and there was no reason to embody in the final decree an order dissolving the preliminary writ, amounting to an adjudication that the writ was wrongfully sued out, and forming the basis for liability upon the injunction bond.

That the respondents by the decree secured a foreclosure of the mortgages through the court's instrumentality in no way conflicts with what we have said. That result was worked out without a cross bill, through the power and duty of the court to require the doing of equity on condition of granting relief to one who invokes equity at its hands.—*Mooney v. Walter*, 69 Ala. 75. The bill containing the offer to pay the real debt, with lawful interest, the court was authorized to ascertain the amount of the debt, decree that the complainant redeem on its payment, or if he fail in his payment that the mortgage

[Laughran v. Brewer.]

be foreclosed, thereby measuring out equal justice to both parties and finally quieting the litigation.—*Micou v. Ashurst*, 55 Ala. 611. Thus it is, that the order of sale inserted in the decree for the benefit of respondents was but a method of attaching a condition to the granting of relief to the complainant, and of enforcing compliance with such condition. The conclusion reached does not, however, require a reversal, but simply a modification of the decree. So much thereof as orders a dissolution of the injunction theretofore granted in the case will be stricken out, and, as thus modified, the decree will be affirmed. Let the costs of the appeal be paid by the appellees.

Modified and affirmed.