(75 South. 913)

HARALSON et al. v. WHITCOMB.
(3 Div. 258.)

(Supreme Court of Alabama. May 31, 1917.)

1. EQUITY ⬤⟜202—CROSS-BILL—REQUISITES.
Under Code 1907, § 3118, authorizing cross-bills to obtain relief for any cause connected with the bill, the cross-bill must exhibit the same equity as if it had been an original bill.
[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 469, 470.]

2. MORTGAGES ⬤⟜455—FORECLOSURE—CROSS-BILL.
Where a mortgagor's bill alleged payment of the mortgage, but offered to pay any amount found due, a cross-bill by the mortgagee's assignee seeking foreclosure of the mortgage or judgment over against his assignor lacks equity, since the original bill's offer to pay any amount found due renders the foreclosure request unnecessary, and an adequate remedy at law exists against the mortgagee if the mortgage was paid before its assignment.
[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1329–1333.]

Sayre, Gardner, and Thomas, JJ., dissenting.

Appeal from Chancery Court, Conecuh County; O. S. Lewis, Chancellor.

Bill by John C. Whitcomb against Lida J. Haralson and others. From an order sustaining a demurrer to the named defendant's cross-bill, she appeals. Affirmed.

Rushton, Williams & Crenshaw, of Montgomery, and Page, McMillan & Brooks, of Evergreen, for appellant. Lane & Lane, of Greenville, for appellee.

McCLELLAN, J. Fannie C. Whitcomb executed to Gideon J. Peagler a mortgage on lots in Evergreen to secure a loan to her of $2,500. It is averred in the original bill, which is filed by the only heir at law of Mrs. Whitcomb, now deceased, and who is in pos-

session of the property, against Gideon J. Peagler and Lida J. Haralson, that after maturity of the debt this mortgage was given to secure it was fully paid, thereby operating, under the statute (Code, § 4899), to divest the title passing by the mortgage. It is further averred that, after full payment and discharge of this mortgage debt, the mortgagee, Peagler, assigned the instrument to Mrs. Lida J. Haralson, and that the assignee is proceeding to foreclose it under the power therein to that end. The prayer is that the foreclosure in progress be enjoined pending the hearing on the bill, that the mortgage be adjudged a cloud on complainant's title and canceled of record on the theory that it has been fully satisfied, and that its foreclosure be permanently restrained, or, if mistaken in the assertion of the full payment of the mortgage debt before its assignment, that the indebtedness thereby secured be ascertained under equity's practices, and that the original complainant be allowed to redeem, to which purpose the original complainant unreservedly submits himself to the jurisdiction of the court. The appellant answered, and constituted her pleading a cross-bill under the statute (Code, § 3118), to which cross-bill she made the asserted assignor, Gideon J. Peagler, along with an institution claiming to hold a mortgage on the same property, a party defendant. It is denied in the cross-bill that the mortgage debt had been paid before the assignment to cross-complainant; and the foreclosure of the mortgage through decree of the court is prayed. But the cross-bill also presents the alternative that, if it is ascertained by the court that the mortgage debt had been paid before the assignment to cross-complainant, the cross-complainant, who is alleged to have paid Gideon J. Peagler $2,500 for the mortgage, be awarded a personal decree against him for the sum thus paid for the invalid assignment of the discharged mortgage. Peagler demurred to the cross-bill, asserting the entire impropriety of, much less the necessity for, making him a defendant to the cross-bill; that the cross-bill is without equity as to him; that for whatever right cross-complainant may have to recover money from him she has an adequate remedy at law. The chancellor sustained his demurrer on this account; and the appeal presents that single question for review.

[1, 2] The statutory cross-bill (Code, § 3118) may be employed to "obtain relief against a party complainant or defendant for any cause connected with, or growing out of the bill, by alleging in his [cross-complainant's] answer, and as a part thereof, the facts upon which such relief is prayed." Recourse to the statutory remedy afforded by the broadening in 1885 of the elder statute so far as to include codefendants in the class against whom inter sese a cross-complainant might seek relief

subjects the cross-bill against a codefendant to the same rules which govern the filing of a cross-bill against the original complainant. Abels v. Ins. Co., 92 Ala. 382, 386, 9 South. 423; Faulk v. Hobbie, 178 Ala. 254, 259, 260, 59 South. 450, 452. In the latter decision it was said:

"Under the statute relief will be granted against a codefendant exactly as though the cross-bill were an original bill, even though the original complainant has no interest in the cross-suit, and even though he abandons the whole proceeding. The object of the statute is to avoid a multiplicity of suits, with the delay and expense which they inevitably entail on the parties." Faulk v. Hobbie, supra.

This statement of the commendable purpose of the statute was emphasized by the apt quotation in the Faulk Case of an even more affirmative pronouncement from the Bickley Case, 136 Ala. 548, 554, 34 South. 946. While the purpose of the statute has been thus broadly affirmed, it cannot be concluded from either the Abels, Bickley, or Faulk Cases that a statutory cross-bill always has such individuality as will require its retention by the court after the original bill has been dismissed, or, on final hearing, the equity asserted by the original bill has been found by the court not to exist. Notwithstanding what might have been the effect of a literal interpretation of the statute as enlarged by the act of 1885 (section 3118), this court has adhered to the view that, even under the statute, a cross-bill, to survive the dismissal of the original bill and to authorize its retention by the court for the purpose of awarding relief sought by the cross-bill, must assert facts leading to and praying for relief of an equitable character (Faulk v. Hobbie, 178 Ala. 254, 59 South. 450); this conclusion being a logical result from the premise afforded by the acceptance of the proposition that such a bill, filed by one defendant against another defendant to secure relief "for any cause connected with, or growing out of the [original] bill," must be regarded, is due to be treated as an original bill against the codefendant, whereupon, as of course, the equitable sufficiency of the cross-bill is measurable—is determinable—by the response to this inquiry: Would the cross-bill possess equity against the codefendant if it had been an original bill, exhibited by the same party against the same party, and asserting the same facts as are relied upon to invoke relief in the cross-bill?

An application of the stated rule to this cross-bill leads to a concurrence in the conclusion of the chancellor, viz. that the cross-bill does not possess equity as against Peagler. A cross-bill seeking foreclosure of a mortgage held by the defendant is not necessary where, as here, the original bill offers to do equity, to pay, and to redeem in the event it is found the mortgage debt has not been paid. Mooney v. Walter, 69 Ala. 75, 77.

"A cross-bill is not entertained when in the original suit a party filing it can obtain the full relief to which he is entitled." Gilman v. R. R. Co., 72 Ala. 566, 579; McDaniel v. Callan, 75 Ala. 327, 331; Alston v. Morris, 113 Ala. 506, 508, 20 South. 950.

In so far as the cross-bill seeks foreclosure of the mortgage, it was unnecessary, a matter of duplication only, since the original bill efficiently invoked the court's powers to the same end, provided, of course, it was found the mortgage had not been paid before its assignment. Hence, the feature of the cross-bill praying foreclosure of the mortgage was and is ineffective to invest the cross-bill with equity in that respect. The cross-bill can derive no virtue from its avowal that the mortgage debt was not paid before the assignment of the mortgage to cross-complainant by Peagler, since, if that view was ultimately sustained, on consideration of the exact issue tendered by the original bill, the original complainant will either redeem or the mortgage will be foreclosed under the powers invoked by the original bill; nor, on the other hand, can it derive virtue from the alternative averment that, if the mortgage debt has been paid, Peagler is liable to the cross-complainant for the sum paid by her to him for the invalid assignment of the discharged mortgage; since, if so, her remedy at law is manifestly adequate and complete. Undoubtedly, if the chancery court in determining, within its appropriately invoked jurisdiction, the issues tendered by the original bill, to which cross-complainant and Peagler are parties, decides that the mortgage debt either was or was not paid before the assignment of the mortgage to Mrs. Haralson, the adjudication of that issue would finally bind and conclude both Peagler and Mrs. Haralson in a court of this state wherein that matter is made or becomes a factor in the ascertainment of the rights and liabilities of these parties, viz. Gideon J. Peagler and Mrs. Haralson.

The ruling of the chancellor on the demurrer interposed by Peagler to the cross-bill accords with established doctrine in this jurisdiction.

The decree is hence affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur. SAYRE, GARDNER, and THOMAS, JJ., dissent.