(80 South. 621)

SEEBERG v. NORVILLE et al. (1 Div. 61.)

(Supreme Court of Alabama. Dec. 19, 1918.)

PRINCIPAL AND AGENT ⬤⇒158—SALE BY ATTORNEY IN FACT—PRICE.

In absence of fraud on part of purchaser, plaintiff cannot have deed executed by his attorney in fact, under power to sell "for such sum as he may obtain," canceled, merely because sale was at bargain price, considerably less than market price; such price not being notice to purchaser of violation of duty or fraud by agent.

Appeal from Circuit Court, in Equity, Mobile County; Claude A. Grayson, Judge.

Suit by Rolf Seeberg against Peyton Norville and another. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

Bill by appellant against appellees to cancel and set aside a deed executed by appellant through his attorney in fact to respondent Peyton Norville, and to cancel the mortgage executed by Peyton Norville to respondent Ellen T. Kelly upon the property conveyed to said Norville by complainant's attorney in fact.

The bill as amended shows in substance that in June, 1912, the complainant was seized and possessed of certain real estate situated in Mobile county, which is therein described; that on said date said complainant, intending to depart from Mobile, executed to John B. Mitchell, of that city, a power of attorney, which is made Exhibit A to the bill, duly executed and acknowledged by complainant and his wife, and which contained the following provision, among others:

"Do hereby constitute and appoint John B. Mitchell, Esq., of Mobile, Alabama, our irrevocable attorney in fact, with full power and authority, in our names and behalf, to bargain, sell, transfer, and convey to any person or corporation whatever, and for such sum as he may obtain therefor, the following described lands situated in the city and county of Mobile: [Here follows a definite description of the land.] * * * And the title purporting to be conveyed by our said attorney in fact, the said Rolf Seeberg does hereby fully warrant and will defend against all lawful claims: Provided, however, that no conveyance shall be executed by our said attorney in fact without a written request to him from said N. A. Andresen & Co. of Christiania, Norway, to such effect."

It is further provided that the expenses of sale, including attorney's fee, payment of taxes, etc., shall be first paid out of the proceeds of sale, and the balance thereof shall be paid to said N. A. Andresen & Co., to whom complainant was indebted in a sum in excess of the value of the property.

The bill further charges that, notwithstanding the provisions of the power of attorney authorizing the agent to sell the property "for such sum as he may obtain therefor," it was yet the duty of said agent to use ordinary care and diligence, and not to sacrifice the property by selling it for a price greatly disproportionate to its fair and reasonable market value at the time, and that respondents were each affected with notice of said power of attorney and its contents at the time of the purchase in question; that the property was assessed for valuation from 1912 to 1918 for $750, but subsequently it was assessed at a valuation of $2,400, and that the value of the property was much in excess of said latter sum; that respondent Norville was familiar with real estate values in Mobile county, and was aware that the property was then reasonably worth on the Mobile market in excess of $2,400, for which it was assessed, and that said Norville had read the contents of the power of attorney before the date of sale; that on February 19, 1918, said Norville agreed with said Mitchell to purchase the property for a cash consideration of $600, and to take a deed executed in compliance with said power of attorney; that such sale was consummated, and the deed executed in compliance therewith, a copy of which is made an exhibit to the bill.

The deed shows its execution in strict compliance with the power of attorney, and a warranty of title as to the property conveyed, with certain exceptions, not necessary here to mention, and recites the execution of the written consent of N. A. Andresen & Co., and that said power of attorney and written request have been duly recorded.

The bill alleges that complainant had repudiated said deed, and notified said Mitchell and respondents to that effect.

On February 20, 1918, it is charged that respondent Norville executed to respondent Mrs. Kelly a mortgage upon the property to secure a loan of $500, and that she knew said loan was for the purpose of paying this purchase price, and that she knew, as did

respondent Norville, that $600 was a sacrifice price for the property.

The bill offered to do equity, and to return the money expended in the purchase of the land. The said Mitchell, the attorney in fact, was not made a party to the bill. To the bill, as amended, demurrer was interposed, and by the trial court sustained. From the decree sustaining the demurrer, the complainant prosecutes this appeal.

D. B. Cobbs, of Mobile, for appellant.

Gaillard, Mahorner & Arnold, of Mobile, for appellees.

GARDNER, J. The power of attorney to complainant's agent granted very broad authority in the sale of the land therein specifically described, stipulating "for such sum as he may obtain therefor," requiring, however, a written request to that effect from N. A. Andresen & Co., his creditors; and while the sale was made in all respects in strict compliance with this authority, yet it is sought to be canceled upon the ground that the price obtained therefor was greatly less than its true value.

Upon the question of value of real estate there is generally, of course, great variance of opinion; but, as previously said by this court, as a general thing, "property is usually worth what it brings" (Van Heuvel v. Long, 75 South. 339 [1]), and it is noticeable that the bill is entirely silent as to whether or not the agent could have at that time obtained a better price for the property. However, the agent in the instant case is not made a party to this suit, and any question as to his liability as for any negligent conduct in the sale of the property, is therefore not here involved. 31 Cyc. 1460.

The bill, as we understand it, stands for its equity upon a charge of fraudulent conduct on the part of the agent and the respondent Norville, and is, in some respects, analogous to that presented in the case of Price v. Keyes, 62 N. Y. 378.

The bill discloses that the purchaser was familiar with the power of attorney, and we think that a construction of the language of this instrument, in connection with the averments of the bill, that the proceeds were to be delivered to the complainant's creditors, to whom he was indebted in excess of the value of the property, indicated a purpose on the part of complainant to authorize the sale of the property notwithstanding its reasonable value could not be obtained, and even though it should be sold at a sacrifice. The purchaser dealt with the agent at arm's length, and if his dealings were free from any fraud, collusion, or unfair conduct on his part, we know of no law against his purchase of the property at as reasonable figure as he could obtain the same.

Reduced to its last analysis, the bill merely charges the purchaser with consummating a sale of the property at a bargain price, considerably less than its market value, and yet no fraud is shown, no conspiracy is alleged, no unfair conduct, and, for aught that appears in the bill, the purchaser might have known or had reason to believe that the owner of the property, in order to make a quick disposition thereof, was willing to convert it into cash even at a sacrifice sale. The purchaser occupied no fiduciary relationship, was under no obligation to any of the parties, and is not shown to have been guilty of any wrongful conduct. The complainant has given to his agent full authority to make the sale at "such sum as he may obtain therefor," and in the absence of any fraudulent conduct on the part of the purchaser we are unable to see upon what theory the complainant can found a bill to repudiate the same or hold the purchaser to account as a trustee of the property for complainant.

We conclude therefore that the trial court properly sustained the demurrer to the bill, and his decree to that effect will be here affirmed. The time allowed by the court below in which the bill may be amended is hereby extended, so that complainant may amend the bill, if so advised to that end, within 30 days from this date.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.