(134 So. 864)
## BECKER ROOFING CO. v. MEHARG.
### 7 Div. 6.

Supreme Court of Alabama.
May 28, 1931.

Chas. F. Douglass, of Anniston, for appellant.

Merrill, Jones & Whiteside, of Anniston, for appellee.

BROWN, J.

This appeal is prosecuted from the decree of the circuit court, sitting in equity, overruling the demurrer of the complainant to the statutory cross-bill filed by the respondent.

The complainant on March 29, 1929, entered into a contract with Mrs. Alma Murphree to place a roof on the building located on the property described in the bill, for $155. The work of installing the roof was completed March 30, 1929.

Under the terms of the contract between the complainant and Mrs. Murphree, the indebtedness incurred was to be paid in installments, $15.50 on May 1, 1929, and $15.50 on the first day of each month thereafter, the contract providing that, default in payment of two consecutive monthly payments, the entire indebtedness would become due in full.

Mrs. Murphree failed to pay any part of the indebtedness, and on April 23, 1930, the complainant filed its claim of lien in the office of the judge of probate for the entire indebtedness. Thereafter, on April 25, 1930, complainant filed its bill in the circuit court, in equity, against the owner, Mrs. Murphree, to enforce its lien, and on June 3, 1930, obtained a decree, declaring a lien on the property, ordering it sold for the satisfaction of the complainant's debt, and, without taking any steps to have the property sold under the decree, the complainant filed the bill in this case, alleging that on April 18, 1929, Mrs. Murphree and her husband executed a mortgage on the property to the respondent, for $1,200, maturing three years after date.

The respondent, without demurring to the bill for want of equity, filed an answer alleging that complainant's indebtedness matured, by reason of the accelerating clause, on the 1st of June, 1929, and that complainant lost its lien by failing to file the verified account within six months from June 1, 1929.

The original bill prays that the court "enter up a decree declaring the lien of complainant, as herein shown, to be superior to the mortgage of respondent against the property herein described, and directing that under the decree herein shown to have been rendered against Mrs. Alma Murphree June 3rd, 1930, that said property be sold by the register," etc.

The cross-bill prays that "upon a final hearing the court will decree that the claim of

lien of the said Becker Roofing Company is junior to and subordinate to the mortgage of defendant against the premises described in the bill."

The only question the court is invited to decide is whether or not the complainant's claim "accrued" on June 1, 1929, by reason of the accelerating clause and Mrs. Murphree's default, or whether it "accrued" within the meaning of the statute on February 1, 1930.

The demurrer to the cross-bill, which was overruled, takes the point, among others, that the cross-bill is without equity.

While it is well settled, where the original bill presents a case of equitable cognizance, a cross-bill may "bring forward purely legal claims" relating to the subject-matter of the original bill, as a basis for affirmative relief. Ashe-Carson Co. v. Bonifay et al., 147 Ala. 376, 41 So. 816; Tribble v. Wood et al., 186 Ala. 329, 65 So. 73; Davis et al. v. Anderson, 218 Ala. 557, 119 So. 670.

But, where the original bill is without equity, a cross-bill to withstand an appropriate demurrer must assert an independent equity touching the subject-matter of the original bill. Haralson et al. v. Whitcomb, 200 Ala. 165, 75 So. 913; Faulk & Co. et al. v. Hobbie Grocery Co., 178 Ala. 254, 59 So. 450.

So, also, where a party defendant can obtain full relief on his answer, a cross-bill should not be entertained. Gilman, Sons & Co. v. New Orleans & Selma R. Co., etc., 72 Ala. 566; McDaniel v. Callan, 75 Ala. 327; Alston v. Morris & Co., 113 Ala. 506, 20 So. 950; Haralson et al. v. Whitcomb, supra; Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223.

These principles are applicable to the case at bar.

So far as appears from the pleadings, neither of the parties is in possession of the property in controversy. The complainant has obtained a decree of a court of equity establishing his lien as against the owner of the property, which it may have enforced at its pleasure, and is withholding the enforcement in order that it may litigate with the defendant in this case the purely legal question as to whether or not it filed its claim in the office of the judge of probate within the time prescribed by the statute. Section 8836, Code of 1923.

On the other hand, the defendant has a mortgage, not yet due, executed by the owner of the property, and by his cross-bill invites a court of equity to determine whether or not the complainant filed its claim within the time prescribed by the statute. Neither the bill nor the cross-bill brings the case within the jurisdiction of a court of equity (Code of 1923, § 6465), and the circuit court erred in overruling the demurrer to the cross-bill.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.