## COBBS v. NORVILLE et al.

### 1 Div. 758.

Supreme Court of Alabama.

Dec. 21, 1933.

D. B. Cobbs, of Mobile, for appellants.

622

Robt. H. Smith, of Mobile, for appellee.

THOMAS, Justice.

The reports of the several phases or litigable questions as to the parties and the lands in question are Seeberg v. Norville et al., 202 Ala. 417, 80 So. 621; Id., 204 Ala. 20, 85 So. 505; and Norville et al. v. Seeberg, 205 Ala. 96, 87 So. 164. The attack now made is upon the last decree and the effect thereof.

It is established in this jurisdiction that appellate courts will indulge every intendment to sustain judgments and decrees of circuit courts—a court of superior and general jurisdiction—in the exercise of their general powers, and that only direct impeachment is permissible unless the want of jurisdiction affirmatively appears on the face of the record. Hurt et al. v. Knox, 220 Ala. 448, 126 So. 110; 15 R. C. L. page 841.

It may be further observed that collateral attacks on judgments of such courts can only be impeached for jurisdictional defects disclosed on the face of the record (34 C. J. page 525): a party or his privies will not be permitted to so assail collaterally, unless the judgment is "void for the want of jurisdiction in the court" of its rendition.

34 C. J. page 555, § 856; 15 R. C. L. page 840, § 314. When jurisdiction has attached, the court has the right to decide every question duly presented and arising on the case—the hearing being at a time and place prescribed by law. All errors of judgment or irregularities which do not render the judgment void are not available on collateral attack. Hurt et al. v. Knox, supra; Driggers v. Cassady, 71 Ala. 529, 532; Doe ex dem. Saltonstall & Wife v. Riley & Dawson, 28 Ala. 164, 65 Am. Dec. 334; Cox v. Davis, 17 Ala. 714, 716, 52 Am. Dec. 199; Powell v. Union Bank & Trust Co., 173 Ala. 332, 56 So. 123; Louisville & Nashville Railroad Co. v. Grant, 153 Ala. 112, 45 So. 226; Kidd v. Burke, 142 Ala. 625, 38 So. 241; Shamblin v. Hall, 123 Ala. 541, 26 So. 285; Patton v. State, 160 Ala. 111, 49 So. 809; Skinner v. State, 142 Ala. 46, 38 So. 242; Pickens et al. v. Clark, 203 Ala. 544, 84 So. 738; Ex parte State ex rel. Smith, Atty. Gen. (State v. Thurman), 205 Ala. 677, 88 So. 899; Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839.

A judgment rendered by a court of competent jurisdiction on the merits and issues pleaded by the parties, or those which ought to have been litigated (where the issues are broad enough to comprehend all that was involved in the issues of the second suit), concludes and is res judicata on the latter suit by such parties or privies as to such subject-matter. The test is, "not what the parties actually litigated, but what they might or ought to have litigated" in the former suit. Crowson v. Cody, 215 Ala. 150, 153, 110 So. 46, 49; Stewart v. Burgin, 219 Ala. 131, 121 So. 420; Bell v. Jones, Judge, 223 Ala. 497, 136 So. 826. This rule was recently stated and applied by Mr. Justice Foster in Adams v. Powell et al., 225 Ala. 300, 142 So. 537, and authorities collected. See, also, Terrell v. Nelson, 199 Ala. 436, 74 So. 929; Phillips v. Sipsey Coal Mining Co. et al., 218 Ala. 296, 306, 118 So. 513.

It has been observed that the subjects of collateral attack and res judicata bear a fundamental relationship, and involve a consideration of a judgment in subsequent legal proceedings. 15 R. C. L. page 840, § 313.

It will be necessary that we consider this suit as a collateral attack on the decree rendered in cause No. 1155 (Norville et al. v. Seeberg, 205 Ala. 96, 87 So. 164), and whether the validity of Norville's liens in respect to payment of the purchase money and purchase of title at the sheriff's sale is fixed by that decree.

We shall, therefore, consider the litigable issues in the former case (No. 1155) and in the pleading No. 4957. It will be noted that the last bill (No. 4957) states the various purposes of the bill in No. 1155, and concludes with the following averment: "And said complainant Seeberg included in his averments his full submission to the Court and his offer to do whatever equity *the law might require of him to recover said land freed from the troubles arising from said power of attorney, etc.*" (Italics supplied.)

The pleader refers to the file and record in No. 1155, saying:

"It was decided by the Supreme Court of the State that the averments of said bill as amended conferred jurisdiction upon the Court, and complainant is advised and so charges that the Court, being of general powers and jurisdiction *acquired jurisdiction of all the purposes of said bill as amended, and of the land, the subject matter of said litigation.*

"Complainant shows further that each of said defendants named as such in the bill in said cause number 1155, the defendant Peyton Norville, as well as Mrs. Ellen Kelly the other defendant thereto, was personally served with subpœna to answer the bill in said cause, and they appeared therein by their solicitors, and demurred, and appealed on rulings on demurrers, concerning pleadings, and at last filed answers to the bill as amended, and this Honorable Court did *thereby obtain jurisdiction of them for all of the equitable and legal purposes of said bill as amended,* and the doing of complete justice and *giving complete relief* therein to all parties thereto." (Italics supplied.)

The eighth paragraph of the last bill states the facts contained in the pleadings; as the amended answers of defendants Norville and Kelly, the sale and purchase of this land by the First National Bank of Mobile, and its acquisition by purchase by defendant Norville.

In amending the last bill, paragraphs 12A and 16 were added; paragraph 12A averring, among other things, that:

"The present defendants Rolf Seeberg and Peyton Norville are the same persons by those names who were parties to said former suit No. 1155, and the land concerned in said lis pendens notices of Rolf Seeberg and the sheriff and in said former suit No. 1155 is now concerned in the present suit. The deed set up in the defendant's amended answer in the present suit as made during the pendency of said former litigation to the defendant Peyton Norville from the First National Bank of Mobile, there being but one such deed, is the same deed that was set up in said defendant Peyton Norville's amended answer filed in said former suit, in its section numbered 6½; said deeds were noted in said defendant's note of evidence in said former suit and were on file therein, along with much other documentary evidence, there being no oral testimony therein on the point of said two deeds or either of them; and the Court had said deeds in court before it at the hearing, and referred to one of them in the final decree

rendered in said cause. The First National Bank of Mobile was not in fact a party to said former litigation against defendant Norville, was neither a complainant nor a defendant therein. * * * And complainant charges and shows that the bank to whom the sheriff made his said deed while said former litigation was pending, foreclosed and lost any lien it may have had by means of the registration of its judgment against said Rolf Seeberg when it received its said deed from the sheriff, and is without interest or title. in said land and has no lien thereon and complainant has never made it a party, but shows it is not even a proper party to this cause nor proper to be brought into it.

"Complainant charges and avers that defendant Peyton Norville and its grantor the First National Bank of Mobile are bound by the final decree rendered in said former suit No. 1155, and can not contest nor attack said final decree, as to the effect of said two deeds, nor contradict said final decree in any manner; but said final decree is conclusive on them and res judicata."

And paragraph 16 avers in part that:

"*Notwithstanding the binding effect and force of the aforesaid final decree dated August 19th and filed in this Court on September 19th, 1925, in the aforesaid cause number 1155,* said decree was not jurisdictional nor valid to confer nor in conferring upon the defendant Mr. Norville the lien expressed and given him in said decree upon said land, for that the question or issue as to whether said defendant was entitled in law or in equity to said lien was not asserted or set up nor was such a lien ever claimed by any pleading made in said former cause, and was never prayed or asked for in said suit, and such a question or issue was not in fact involved in said cause, nor was it an issue that ought to have been or could have been litigated or concerned in said cause." (Italics supplied.)

A copy of the pleadings and decree in cause No. 1155 is exhibited. Paragraph 8 of the bill in cause No. 1155 states: "Insofar as it may be necessary to do equity in the premises, complainant offers to pay to said Peyton Norville and Mrs. Ellen T. Kelly said sum of six hundred dollars, and all lawful interest thereon; * * * and complainant submits himself fully to the jurisdiction of the Court for all purposes of doing equity, as a condition precedent to the relief hereby prayed, offering to pay whatever the Court may find to be equitable and proper for him to pay, and to whomever it may be coming, both of principal and of interest."

The prayer for relief in No. 1155 is that Norville and Kelly be made parties and be held as trustees of and for complainant; that "a lien therefor be fixed and decreed upon said property in complainant's favor, and made superior to their respective interests in the property; * * * that in case the Court shall require complainant to pay anything as a condition to the relief hereby prayed, it so mould its decree that out of the sum to be paid by complainant the said Mrs. Ellen T. Kelly shall have back her five hundred dollars and all proper interest thereon and any surplus shall belong to said Peyton Norville. * * * And complainant prays for such other and further or different relief in the premises as in equity he ought to have."

The prayer for relief in cause No. 4957 concludes as follows: "* * * That the Court will foreclose said mortgage in favor 'of complainant after establishing that. And complainant prays that the Court will ascertain and declare whether any party to the cause has any priority of rights over the other or others as regards the land, and what, and who it is."

■■ It is noted that in the last pleading (No. 4957) Seeberg made full submission to the court to "do whatever equity the law might require of him" in the premises; and that the court, being of general powers and jurisdiction, "acquired jurisdiction of all the purposes of said bill as amended" as to the parties and the land. It is further shown that the circuit court did obtain jurisdiction in cause No. 1155 for all of the equitable and legal purposes of that bill as amended, and to the end of doing complete justice and giving complete relief therein to all parties thereto; that defendant Peyton Norville, as the grantee of the First National Bank of Mobile, is bound by the final decree rendered in said former suit; that the parties to that suit cannot contest or attack said final decree as to the effect of said two deeds (that from John E. Mitchell to Peyton Norville, and the one from the First National Bank of Mobile through the sheriff to Peyton Norville); and neither can they contradict "said final decree in any manner, but said final decree is conclusive on them and res judicata."

The allegations and statements of the former issues are admitted in defendants' answers and are taken as true in this case. It follows that under such admission of facts the interest or liens of Norville for the two amounts, aggregating $1,074.80 and interest, are fixed by the former decree in cause No. 1155 and cannot here be collaterally assailed or reviewed.

The result is that Cobbs now claims through Seeberg, and as his privy of estate (Clark v. Whitfield, 213 Ala. 441, 105 So. 200) may not impeach that judgment collaterally; no defects being disclosed by the face of that record and proceedings rendering that decree void. 34 C. J. pages 525, 555; 15 R. C. L. page 840; Bell v. Jones, Judge, 223 Ala. 497, 499, 500, 136 So. 826; Southern Pacific Railroad Co. v. United States, 168 U. S. 1, 18 S. Ct.

18, 42 L. Ed. 355; Crowson v. Cody, 215 Ala. 150, 110 So. 46; Harris v. Town of Tarrant City, 221 Ala. 558, 559, 130 So. 83.

 We have indicated that it is alleged in this cause that in cause No. 1155 there was an offer to do equity, and the court will here presume that the bill prayed for other relief necessary to sustain the decree rendered. However, we have indicated a sufficient prayer. The offer to do equity confers jurisdiction on the court to attach such conditions to the decree as are necessary to make it equitable (21 C. J. page 174, § 152), and thus to grant affirmative relief to defendants where otherwise the result to be worked out would be against equity and good conscience. Sumners v. Jordan, 220 Ala. 402, 125 So. 642; Brasher et al. v. Grayson, 217 Ala. 674, 117 So. 301; 21 C. J. page 667, § 849. In Coburn et al. v. Coke et al., 193 Ala. 364, 367, 69 So. 574, 575, the rule is thus stated: "* * * That whatever be the nature of the controversy between the parties, and whatever be the nature of the remedy demanded, the court will not confer its equitable relief upon the party seeking its interposition and aid, unless he acknowledges or concedes, or will admit and provide for, all the equitable rights, claims, and demands justly belonging to the adversary party, growing out of, or necessarily involved in, the subject-matter of the controversy. The court will give the plaintiff the relief to which he is entitled only on condition that he has given or consents to give the defendant such corresponding rights as he may be entitled to in respect of the subject-matter of the suit. 1 Pom. Eq. (3d Ed.) § 385; 1 Dan. Ch. Pr. § 441; 1 Story, Eq. § 301."

And in Mooney v. Walter, 69 Ala. 75, 76, it was held that: "Under a bill filed by a mortgagor seeking to enjoin a sale of property conveyed by mortgage under a power contained therein, on the grounds of usury and payment, and offering to pay whatever sum might be adjudged to be due on the mortgage debt, and submitting himself to the jurisdiction of the court, a court of equity, deriving jurisdiction from such offer and submission, has adequate power, without a cross bill, to decree a sale of the mortgaged premises for a payment of the mortgage debt, unless the same is paid by the mortgagor within the time specified in the decree." Alston v. Morris & Co. et al., 113 Ala. 506, 20 So. 950; 21 C. J. page 667, § 849.

In the recent case of Thomas, Superintendent of Banks et al. v. Barnes et al., 219 Ala. 652, 655, 123 So. 18, 20, this principle was applied as follows: "This is not a bill for foreclosure, nor was there a cross-bill praying for such relief. But it is well known that on a bill for redemption, when complainant offers to do equity, the court may decree a foreclosure without a cross-bill by the mortgagee. Haralson v. Whitcomb, 200 Ala. 165, 75 So.

913; Seed v. Brown, 180 Ala. 8, 60 So. 98; Alston v. Morris, 113 Ala. 506, 20 So. 950."

It follows that Seeberg and privy in estate are bound by the former decree, and cannot now collaterally assail, review, or impeach that decree as to the two items, the subject of the two deeds before that court—that of Mitchell to Norville, and that of the sheriff to Norville pursuant to levy and sale under judgment of the First National Bank of Mobile. That is the effect of the several admissions of record of complaint of the jurisdiction of the court to deal with the matters as affecting Seeberg and this land, which carries with it the jurisdiction, right, and necessity in the case to impose terms as it did of restitution of the two amounts paid by Norville to acquire and protect the title in him for himself and for those for whom he held title. This was essential to the doing of what was just and equitable in the premises. English v. Huckaba, 219 Ala. 526, 122 So. 841.

 Cobbs stands upon his mortgage rather than the lien of an attorney in the former cause. That mortgage was made by Seeberg pending the former suit, and that grantee took subject to the judgment that might have been and was rendered in cause No. 1155. 17 R. C. L. pages 1009, 1012; 38 C. J. page 64; Alabama Water Company Co. et al. v. City of Anniston, ante, p. 579, 151 So. 457; Id., 223 Ala. 355, 135 So. 585.

The decree in cause No. 1155 of Seeberg v. Norville and Mrs. Ellen Kelly was that the power of attorney from complainant to Mitchell was given as part of the security for a debt which was owing N. A. Anderson & Co. of Norway; that the debt was partly paid before the attorney in fact made deed to the land; that complainant Seeberg was entitled to the property, subject "to the lien for reimbursement by the complainant"; that "defendant Norville is entitled to be reimbursed the six hundred dollars paid out by him to complainant's former agent John E. Mitchell for the property described in said deed, and the further sum of four hundred and fifty dollars paid by defendant Peyton Norville to the First National Bank of Mobile for the deed made in the name of the latter to the defendant Norville pending this cause, and the further sum of twenty-four dollars and eighty cents being interest upon said sum of $450.00 from the date of the deed from said bank which was dated December 11th, 1924, to August 19th, 1925, the date of this decree. Which aggregate of one thousand seventy-four and 80/100 dollars ($1074.80) is hereby established and decreed as a lien on the property concerned, in favor of the defendant Peyton Norville for the benefit of himself and the defendant Mrs. Kelly in the way and to the extent below stated herein. * * * That upon such payment into court the register will apply a sufficient amount thereof to obtain cancellation of the mortgage to the

said Mrs. Kelly off of the property described herein, and the register will cancel said mortgage on its record and on its face if accessible, unless it appear that by that time said mortgage has been cancelled by the defendant Mrs. Kelly.

"It is further decreed that upon compliance by complainant with this decree as to the amount above fixed as a lien, the defendant Peyton Norville convey to complainant or his assigns or legal representatives as the case may be, all the right, title and interest in said property that he may have acquired by taking the deed from the First National Bank of Mobile pending this suit, and that if he shall not within 10 days from such payment into court execute such conveyance, the register of this court shall make a deed of said interest in the place and stead of the defendant, and all such right, title and interest is and shall be divested out of the defendant Norville and invested in the complainant." * * *

"It is further ordered, adjudged and decreed that the defendants have no right, title or interest, lien or incumbrance on the land described in the bill of complaint other than as hereinabove established in his and her favor respectively." * * *

"But if the complainant should not pay or cause to be paid into court the said lien money in the time above fixed, then, upon petition or motion herein by the defendant, the Court may order the land sold to pay said reimbursement lien above established, but this and all other and further questions are reserved for consideration further in this cause."

There was a petition to the court of date of April 2, 1928, setting forth the failure of compliance of payment of the equitable liens declared by the former decree, aggregating $1,074.80. While this motion was pending, there was a decree of date of April 12, 1928, in the cause of Cobbs v. Seeberg et al., No. 4957, reciting that "without passing on any question of priority or jurisdiction as suggested in the case, as between complainant D. B. Cobbs and defendant Peyton Norville, adjudges and decrees that the defendant Rolf Seeberg, under the mortgage made by him and his wife Cecelia J. Seeberg attached to complainant's deposition, is justly indebted to the complainant in a principal sum and interest amounting at the date hereof to six hundred and two and 42/100 dollars, and that complainant is entitled to relief. It is therefore ordered, adjudged and decreed by the Court that the defendant Rolf Seeberg pay or cause to be paid into the hands of the Register of this Court within 15 days from the filing of this decree said mortgage debt of $602.42, and the costs of the cause, and that, if said amount and court costs be not so paid in said time, then the Register of this Court shall sell the real estate concerned in this cause as described in said mortgage and the pleadings herein, at public outcry. * * * And the Register will make due report of his action hereunder, and all further questions are reserved until the coming in of said report."

The report of the register shows sale of the land on May 28, 1928, and its purchase by Cobbs for $1,706. It was later shown to the court, by petition of December 18, 1928, that said cash bidder, Cobbs, had actually paid no part of the purchase price as bid by him; that six months had expired since the report of that sale, and petitioner Norville moves that said sale be set aside and that any deficiency be paid by such bidder; and that he also be required to pay all costs in that behalf.

In response to the motion Cobbs answered, that by the decree ordering the sale, the court did not pass upon the question of priorities between complainant's (Cobbs') "mortgage and the lien claimed by defendant Norville, which was raised in the cause, but passed that over to a future time," and did not permit Cobbs, "if he should buy at the sale, to use the whole or any part of his mortgage lien claim awarded him, as a credit on his bid or purchase price," and also insisted that the court did not pass on the question of jurisdiction that was raised, but expressly refrained from passing on said question; he further moves the court that he be permitted to use his mortgage lien as a credit upon his bid at such sale or resale, and to pass upon the question of the priorities between his mortgage and that of Norville, in sums aggregating $1,074.80, as has been indicated and fixed in the first decree.

Thereafter, on February 1, 1929, defendant Norville amended his answer, averring that he had paid the sums indicated as state, county, and city taxes, and the subsequent taxes stated in his cross-bill against Cobbs and Seeberg. He alleged that from the time of beginning of cause No. 1155, all taxes against the property constitute a superior lien thereupon; that they were necessary to be paid, and that he duly discharged the several sums indicated; prayed that Cobbs and the Seebergs be made parties; and that "this Honorable Court on the final hearing of this cause will ascertain, declare, establish and enforce the rights of this cross-complainant under the facts of this case and will render a decree in this cause for the payment to this cross-complainant of the amounts that he had paid for taxes and declare the priority of the claims of the respective parties to the cause over the other parties to the cause in regard to the lands in question, and that this cross-complainant may have such other and further relief as he may be entitled to receive, the premises considered."

The said Cobbs answered, challenging the former action of the court in cause No. 1155

and the finality thereof, and asserts that his mortgage was superior to the several claims of Norville.

So much for the extended and complicated course of the litigation.

 There was testimony taken orally in open court at the hearing, and complainant Cobbs testified that at the time of taking his mortgage he had no "knowledge or information of any claim of a lien by or on behalf of Mr. Norville in the former suit of Seeberg v. Norville and others, No. 1155 in this court, *unless it was contained in the pleadings and in the testimony in that case.*" And on cross-examination he was asked: "You did have notice of pleadings and testimony in that case?" To which he answered: "That is correct." This evidence was competent and material on the question of notice vel non of the pleader or scrivener. Birmingham Electric Co. v. Wood, 222 Ala. 103, 130 So. 786.

The final decree of July 13, 1932, by Judge Thornton, reciting, "This cause coming on to be heard was submitted on May 19th, 1932, * * * upon all pleadings in the cause, and proof as noted by the Register, and upon the motion by Peyton Norville to set aside the foreclosure sale theretofore made in this cause, and upon the motion by D. B. Cobbs to use his mortgage in bidding at any further sale made in this cause, and upon the evidence as noted by the Register, except that there is not submitted any question determined by decree of this Court dated April 12th, 1928, and the same having been considered by the Court," held that Cobbs was entitled to relief under his bill and Norville was entitled to relief under his cross-bill; that Norville "has a lien on the property described" and "which said lien of said Peyton Norville is for $1,074.80 with interest from August 19th, 1925, to the date of payment of said sum, and being the lien provided in the final decree of this court dated August 19th, 1925," rendered in the case of Seeberg v. Norville, No. 1155, in equity; that said Norville "also has a lien on the property herein described for $249.38 for money paid by him for taxes on said property * * * subsequent to the said decree * * * in said cause No. 1155, with interest thereon." It was further decreed that Cobbs has a mortgage lien on the property for $602.42 with interest, "which mortgage was given during the pendency of the case of Rolf Seeberg v. Peyton Norville et al., numbered 1155" to secure a debt due by Seeberg to Cobbs for attorney's fees; that the liens of Norville "are superior to, and take priority and precedence over the said mortgage lien of Daniel B. Cobbs." The property is ordered sold and the register required to make due report thereof to that court; that out of the proceeds of the sale, after payment of costs, shall be paid to Peyton Norville the amount of his liens on said property; that "next there shall be paid to Daniel B. Cobbs the amount of his lien on said property as herein described; and the balance, if any, shall be paid to James S. Patterson, as administrator of the estate of Rolf Seeberg, deceased."

Appellant in his brief waives any precedence by way of the attorney's lien, and relies on his asserted lien of the mortgage taken pendente lite, to which we have adverted.

Mrs. Kelly was a party in cause No. 1155; her mortgage discharged as to her, and she is no longer interested, as shown by paragraph 11 of the bill of complaint; hence she is omitted as a party from the present bill. Cobbs was not a party, but was the attorney for complainant Seeberg; was admitted as a witness in open court at the trial as counsel for Seeberg; he drew the pleadings in that cause, and obtained his mortgage pendente lite. Thus the court below had all interested parties before it, and had jurisdiction of the subject-matter to the doing of full justice and equity in the matter and proceedings.

The bill, as amended and last filed, sets out what was done in cause No. 1155, including the establishment by decree of the liens for $1,074.80 (which decree was affirmed here in Norville et al. v. Seeberg, 205 Ala. 96, 87 So. 164); alleges no part thereof has been paid; the execution of the mortgage to Cobbs; prays foreclosure and that the court will ascertain and declare whether any party to the cause has any priority of right over the other as regards the land, "and what and who it is."

The effect of the last bill prevented the final consummation of the sale of the land to satisfy Norville's liens and payment of any balance to Seeberg. Their rights, as fixed in the first decree, were not changed by the subsequent bill. Cobbs' mortgage was valid and entitled to foreclosure whatever its relation may be to Norville's equitable liens. The court had theretofore ordered in the former suit that Norville's liens be paid as established therein. It was the duty of the court to order the resale of the lands and distribute the proceeds in accordance with the priorities fixed and declared by order of the court. This, no doubt, caused the provision in the decree of April 12, 1928, for sale and stating that it was not the court's intention in that decree to pass upon the priorities between Cobbs and Norville. It was proper to fix the amount of the debt due Cobbs under the Seeberg mortgage; to order sale of the lands for satisfaction; to require the register to report and to reserve "all further questions * * * on the coming in of said report." The court was cognizant of allegations in the pleadings and decree, as averred, exhibited, done, and entered in No. 1155, of the great value of the property as averred, of the declination to deal with priorities in the second decree after sale. This was proper, for that the sale may have af-

forded sufficient moneys to pay the two claims of Norville and Cobbs, and thus eliminate a further declaration as to priorities; that is to say, it was by this sought to leave the court free to fix priorities under the law and facts of the case as though the decree of sale of date of April 12, 1928, under Cobbs' mortgage had not been rendered. It may be that this was the meaning of the reservation therein—that the court did not pass upon the question of priorities, etc. However this may be, jurisdiction had been taken and declared in No. 1155 for Norville v. Seeberg, Cobbs' grantor, in a cause in which the latter was the attorney and pending which cause the mortgage from Seeberg to Cobbs was given for legal services rendered in that case and as to these lands. It is on this mortgage lien that Cobbs relies.

We have indicated that in his cross-bill Norville adopts the allegations of the original pleading as to his lien, sets forth payment of taxes, prays repayment thereof, and that his priorities first established and those for taxes be established, etc. Cross-respondents admit allegations that show that in cause No. 1155 the liens were established in favor of Norville; that he purchased and acquired title from the First National Bank of Mobile, and held the title for himself; was not paid by Seeberg; and that he paid the taxes for the protection of the lands until his liens should be paid. It was his duty to assess and pay the taxes. Gen. Acts 1923, p. 152, § 30. He did not assert his claim for taxes in his answer in case No. 1155, and cannot claim for taxes paid by him prior to the decree rendered in that cause. He was entitled to taxes paid and interest thereon from the respective dates of payment, since that decree. The trial court allowed taxes to Norville in the sum of $249.38, which was not in excess of taxes and interest respectively accruing from the date of the decree in cause No. 1155.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.