# Cowart *v.* The State.

*Assault with Intent to Murder.*

(Decided June 16, 1914.   65 South. 666.)

1. *Witnesses; Examination.*—Where a witness stated that he was not close enough to hear what was said in the course of the difficulty, the court will not be put in error for not allowing a repetition of an inquiry as to a fact based on his hearing what was said during the difficulty.

2. *Charge of Court; Abstract Instructions.*—Where a conviction is sought on the testimony of eye witnesses, a charge as to circumstantial evidence is properly refused.

3. *Assault With Intent to Murder; Self-Defense.*—Where the defense set up that the defendant shot in defense of his father, a charge asserting that a person can strike not alone for himself or his kinsmen, but he can do it for a stranger, or for any third person, was not objectionable as limiting the right of the accused to shoot in defense of himself.

APPEAL from Covington Circuit Court.

Heard before Hon. A. H. ALSTON.

Homer Cowart was convicted of an assault with intent to murder, and he appeals.   Affirmed.

The defense was that defendant struck or shot in the defense of his father at a time when the party assaulted was attempting to assault his father with a knife.   The oral charge of the court sufficiently appears. The following is the charge refused:

It is the humane provision of the law that upon circumstantial evidence there should not be a conviction unless to a moral certainty it excludes every other hypothesis but that of the guilt of the accused.   No matter how strong may be the circumstances, if they can be reasonably reconciled with the theory, based on the evidence, that defendant was innocent, then the guilt of the accused is not shown by that full measure of proof that the law requires.

[Cowart v. The State.]

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel discuss exceptions noted on the record, but without citation of authority.

WALKER, P. J.—Both before and after the state's witness John Vracewell was asked on cross-examination, "Did you hear anything said at that time about a hog?" he stated that he was not close enough to hear what was said in the course of the difficulty inquired about. The court was not required to allow a repetition of an inquiry as to a fact any knowledge of which the witness had already distinctly disclaimed.

There was nothing prejudicial to the defendant in the part of the court's oral charge to which an exception was reserved. Certainly the defendant could not sustain a claim that his right to shoot in defense of his father was greater than was indicated by the statement of the court in that part of its charge:

"That a person can strike, not alone for himself, nor alone for his kinsman, but he can do it for the stranger that is within his gates or for any other third person."

That statement in no way narrowed or limited the asserted right of the defendant to shoot in defense of his father.

The written charge refused to the defendant was abstract and well refused. The evidence upon which a conviction was sought was direct, being that of eyewitnesses of the occurrence in question. The court was not required to give a requested instruction as to when a conviction could be had on circumstantial evidence, as a conviction was not sought on that kind of evidence.

Affirmed.