## CONGRESS OF INDUSTRIAL ORGANIZATIONS ET AL. *v.* McADORY ET AL.

No. 855. Argued April 3, 4, 1945.—Decided June 11, 1945.

*Mr. Lee Pressman,* with whom *Messrs. Crampton Harris* and *Frank Donner* were on the brief, for petitioners.

*Messrs. James A. Simpson, John W. Lapsley* and *John E. Adams,* with whom *William N. McQueen,* Acting Attorney General of Alabama, was on the brief, for respondents.

Briefs were filed by *Solicitor General Fahy, Messrs. Robert L. Stern, Alvin J. Rockwell, Miss Ruth Weyand* and *Mrs. Elizabeth W. Weston* on behalf of the United States; *Messrs. Arthur Garfield Hayes* and *Osmond K. Fraenkel* on behalf of the American Civil Liberties Union; and *Mr. Paul O'Dwyer* on behalf of the Workers Defense League, as *amici curiae,* in support of petitioners.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

This suit, brought in the state courts of Alabama for a declaratory judgment adjudicating the constitutional validity of the Bradford Act, No. 298 Alabama Laws of 1943, (Code 1943, Tit. 26, §§ 376, *et seq.*), and for an injunction,

is a companion case to *Alabama State Federation of Labor* v. *McAdory, ante,* p. 450.

Petitioners are the Congress of Industrial Organizations, a national labor organization, and certain affiliated labor organizations, whose members are employed within the State, and certain of their officers. Petitioners brought the present suit in the State Circuit Court against respondents who are county officers charged with the duty of enforcing the Act, praying a declaratory judgment that the Act as a whole and particularly §§ 7 and 16, among others, are unconstitutional under the Federal and State Constitutions, and are invalid because in conflict with the National Labor Relations Act, and praying that an injunction issue.

After a trial upon evidence the Circuit Court adjudged certain sections of the Act, not here in issue, to be invalid in whole or in part. In other respects it held the Act constitutional and valid. It found that the evidence disclosed no effort on the part of respondents to enforce the provisions of the Act declared to be invalid and accordingly denied an injunction. On appeal the Supreme Court of Alabama affirmed, 246 Ala. 198, 20 So. 2d 40, for the reasons stated in its opinion in the *Alabama State Federation of Labor* case.

We granted certiorari, 324 U. S. 832, on a petition which urged that §§ 7 and 16 of the Act deprive petitioners of their civil rights in violation of the constitutional guarantees of free speech and assembly; that §§ 7 and 16 conflict with the National Labor Relations Act, 49 Stat. 449, 29 U. S. C. § 151 *et seq.;* and that § 7 denies petitioners the equal protection of the laws guaranteed by the Fourteenth Amendment on the ground that its provisions have not been extended to employers' associations, and that the Act excludes from its operation labor organizations which are subject to the Railway Labor Act, 45 U. S. C. § 151 *et seq.*

The record shows that the respondents have agreed not to enforce § 7 of the Act until the final decision as to the section's validity by this Court in *Alabama State Federation of Labor* v. *McAdory, supra.* Since we have held in that case that it is inappropriate to pass upon the constitutional validity of § 7 on the record presented, we cannot say that the present proceeding is adversary as to § 7. The Court will not pass upon the constitutionality of legislation in a suit which is not adversary, *Bartemeyer* v. *Iowa,* 18 Wall. 129, 134–5; *Chicago & Grand Trunk R. Co.* v. *Wellman,* 143 U. S. 339; *Atherton Mills* v. *Johnston,* 259 U. S. 13, 15; *Coffman* v. *Breeze Corps.,* 323 U. S. 316, 324, or in which there is no actual antagonistic assertion of rights. *Cleveland* v. *Chamberlain,* 1 Black 419; *Swift & Co.* v. *Hocking Valley R. Co.,* 243 U. S. 281, 289; *Norton* v. *Vesta Coal Co.,* 291 U. S. 641; *United States* v. *Johnson,* 319 U. S. 302.

Upon an examination of the record in this case we find that it shows that petitioners or some of them have members who are employed in the State of Alabama in industries whose employees are subject to the National Labor Relations Act, and that they act in the State and are certified as bargaining representatives of such employees under the Act. But the extent to which they act in the State as bargaining representatives of employees in industries which are not subject to the National Labor Relations Act does not appear, and consequently the record affords no adequate basis for an adjudication of the extent to which for that reason the petitioners or some of them may be rightly subject to local regulation even though they also represent employees in other industries which are subject to the National Act.

The record does not show whether or not petitioners provide insurance benefits for their members. The State Supreme Court has construed § 16 as inapplicable whenever it would otherwise "interfere with or void any in-

surance contract now in existence and in force" and, as construed, has held it valid as applied to petitioners. On this state of the record we are unable to say to what extent § 16 can be deemed applicable to members of any of petitioners because of existing insurance arrangements. For this and the other reasons stated in our opinion in the *Alabama State Federation of Labor* case the record does not present a case calling for decision of the constitutional validity of § 16 as applied to any existing union members.

Petitioners nevertheless assert that they intend to admit such supervisory employees as members in the future, and that the Supreme Court of Alabama in the *Alabama State Federation of Labor* case has held that such future "executive, administrative, professional, or supervisory" employees are not excepted from the provisions of § 16 by reason of their acquisition as such employees of insurance benefits. Although there is evidence in the record indicating that some of petitioners who have non-supervisory members admit to membership employees whom they designate as "supervisory" in the words of the statute, and will continue to do so, there is also evidence that they do not admit supervisory employees who have the right to "hire and fire." The Supreme Court of Alabama did not in its opinion in this case or in the *Alabama State Federation of Labor* case define the statutory language "executive, administrative, professional, or supervisory employee." Thus on the basis of the record before us we do not know whether those employees which petitioners intend to admit to membership are such as are included in § 16. We do not know that § 16 will not be interpreted to embrace only those employees which have the authority to employ and discharge employees. And so it does not appear that the statute will be applied so as to raise the federal question which we are asked to decide.

Further, the contention that § 16 conflicts with the National Labor Relations Act, cf. *Hill* v. *Florida, post,* p. 538, was not passed on by the Circuit Court, was not raised by assignment of error in the Alabama Supreme Court, and that court did not pass on that question either in its opinion in this case or in its opinion in the *Alabama State Federation of Labor* case which it adopted as controlling. The Alabama Supreme Court will not consider errors which have not been assigned, *Rowland & Co.* v. *Plummer,* 50 Ala. 182, 197; *Pettibone-Taylor Co.* v. *Farmers Bank,* 156 Ala. 666, 46 So. 751; *Malaney* v. *Ladura Mines Co.,* 191 Ala. 655, 65 So. 666; *Nichols* v. *Hardegree,* 202 Ala. 132, 79 So. 598; *Halle* v. *Brooks,* 209 Ala. 486, 96 So. 341, or which have not been specifically and precisely raised in the assignments of error, *Kinnon* v. *Louisville & Nashville R. Co.,* 187 Ala. 480, 65 So. 397; *Carney* v. *Kiser Co.,* 200 Ala. 527, 76 So. 853; *Hall* v. *Pearce,* 209 Ala. 397, 399, 96 So. 608; *Jackson Lumber Co.* v. *Butler,* 244 Ala. 348, 13 So. 2d 294, 298. Since the State Supreme Court did not pass on the question now urged, and since it does not appear to have been properly presented to that court for decision, we are without jurisdiction to consider it in the first instance here. *Caperton* v. *Bowyer,* 14 Wall. 216, 236; *Hulbert* v. *Chicago,* 202 U. S. 275, 280, 281; *Dorrance* v. *Pennsylvania,* 287 U. S. 660; *Chandler* v. *Manifold,* 290 U. S. 665; see also *Flournoy* v. *Wiener,* 321 U. S. 253; *Charleston Assn.* v. *Alderson,* 324 U. S. 182, 185, and cases cited.

We find no other factual differences calling for comment between the case presented by the record here and that presented in the *Alabama State Federation of Labor* case. Our decision here is therefore controlled by our decision in that case. The question raised as to the equal protection of the laws is too unsubstantial to merit review. The other issues, as presented by the record now before us, are, for reasons stated at length in our opinion in the *Alabama State Federation of Labor* case, inappropriate for decision

478

in a declaratory judgment proceeding. The writ of certiorari is accordingly

*Dismissed.*