Raymond Glasscock filed this action against Wayne Teague and other state officials seeking reinstatement to his prior position as a laborer for the state Department of Education. After an ore tenus hearing, the trial court found in Glasscock's favor and ordered the state to reinstate Glasscock and to pay him back wages from the date of his termination. Teague and the other defendants appealed. We reverse and remand.
Section 36-27-16 (a)(1)(c), Code of Alabama 1975, requires that certain state employees retire at age 70. Upon reaching age 70, an employee may, however, make application to the State Personnel Board to continue working for the state on a year-to-year basis. The statute requires an employee to furnish evidence of physical and mental fitness to the board. The personnel board must approve the employee's application for continued employment in order for an employee to continue working for the state beyond the age of 70. The Handbook forEmployees of the State Personnel Department provides:
 "Retirement at age 70 is compulsory, unless the Personnel Board, on the recommendation of the appointing authority and a medical review board, approves extension of service from year to year. Employees who want to work past age 70 must make a request and furnish a report of the physical examination on forms prescribed by the Personnel Board."
The forms provided by the personnel department include spaces for a report of a physical examination and a space for review by the medical board of the State Retirement System. When the completed form is submitted to the personnel department, that department refers the form to the head of the employee's department or agency. Prior to August 9, 1979, the personnel board made its decision regarding whether to allow the employee to continue working based on the recommendation of the head of the department in which the employee worked. On August 9, 1979, *Page 279 
then-Governor Fob James issued a memorandum stating:
 "[N]o department, agency, board et al. is to request a waiver of the 70 year old mandatory retirement without the approval of the Finance Director, and his approval is only to be given in the case when the public health of Alabama would be impaired."
After the Governor issued the memorandum, the procedure for determining whether an employee was entitled to continue in the state's employ was altered to conform to the Governor's dictates. See Hawkins v. James, 411 So.2d 115 (Ala. 1982).
Plaintiff reached age 70 on October 5, 1980. In his complaint he alleged that he was informed by his immediate supervisors of the Governor's retirement policy and that he did not apply for an extension of his employment because he was "chilled" by the information he was given about the Governor's memorandum. He claims that, had it not been for the memorandum, he "would most likely have received an extension of his employment beyond age seventy."
Subsequent to plaintiff's retirement this Court rendered its decision in Hawkins, supra. Hawkins was an employee of the Department of Pensions and Security who was over 70 years old. She had applied for and had been granted three one-year extensions of employment after reaching age 70. In July of 1980, Hawkins again applied to the personnel board for a continuation of her employment. Despite the fact that her supervisors reported to the personnel board that her "unusual combination of knowledge, skill and experience" represented "unique assets to the Department" which could not be replaced, the board refused to allow her continued employment beyond September 30, 1980. After that time she continued to work for the Department as a non-paid volunteer and brought an action challenging the personnel board's refusal to allow her continued employment.[1]
This Court ruled that the Governor's attempt to alter the operation of the statute by frustrating employees' rights to continued service beyond age 70 constituted a violation of the separation of powers provision of the Alabama Constitution of 1901, Article III, § 43. The evidence in that case clearly showed that, but for the Governor's memorandum, Hawkins's request for a continuation of her employment would have been approved. This Court reversed the trial court's order granting the defendant's motion to dismiss and remanded the action to the circuit court for further proceedings.
Plaintiff in this case alleges that he is in excellent physical and mental health and that he "very much desires to be back at work at the A F Services Division of the State Education Department in a job he believes himself to have been forced out of by the Governor's retirement policy." He argues that the Governor's unconstitutional attempt to frustrate employees' attempts to seek continued service with the state past age 70 constituted legal fraud and that his cause of action for the misrepresentation did not accrue until his "discovery" of the fraud when this Court handed down the decision in Hawkins, supra.
The Department of Education argues that Glasscock's retirement was not governed by the State Employee's Retirement System Act, § 36-27-16, but that it was governed by the provisions of the Teacher's Retirement System Act, § 16-25-14
(a)(3), because Glasscock worked for the Department of Education. The defendants take the position that Glasscock was not eligible for a continuation of his employment pursuant to §36-27-16.
Although the parties' arguments addressed the question of which act governed the plaintiff's retirement, we do not consider the resolution of that issue to be dispositive of this case. Even if Glasscock is correct in his contention that his retirement was governed by § 36-27-16 and, *Page 280 
therefore, that he was entitled to apply for a continuation of his employment upon reaching age 70, he was not entitled to be reinstated with back pay, because he never availed himself of the opportunity to apply for a continuation. Under the unambiguous provisions of the statute, continuation of employment past age 70 is not contingent merely on plaintiff's continued mental and physical fitness. It requires those who seek continued employment to apply to the personnel board and to furnish the board with evidence of their physical fitness. Unlike the employee in Hawkins, who complied with the statute and was wrongfully denied a continuation because of the Governor's directive, Glasscock never sought continued employment. Plaintiff, in effect, seeks back pay for work not performed, on the theory that he was denied the right to continue working, when, in fact, he never sought to continue working.
Even if we accept as true plaintiff's claim that because of the Governor's memorandum he was "chilled" from applying for continued employment, and even if we were to agree with his conclusion that the memorandum constituted a fraudulent misrepresentation which could not reasonably have been discovered until the Hawkins decision was rendered, plaintiff was not entitled to recover. Even after the Hawkins decision was handed down, plaintiff apparently never applied to the personnel board for a continuation of employment. At most, the alleged misrepresentation would have tolled the time for applying to the board. It would not have obviated the necessity to apply and to produce evidence of fitness. The statute established a procedure for making the determination of whether the plaintiff was entitled to continue. Since plaintiff failed to follow the clear dictates of the statute, he was not entitled to prevail.
The trial court's order is hereby reversed and the case is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
ADAMS, J., dissents.
[1] The facts relating to the Hawkins case were taken from a stipulation of facts contained in the briefs filed with this Court in that case.