This appeal arises from the action which was the subject of the decision in Teague v. Glasscock, 456 So.2d 277 (Ala. 1984). The trial court's order on remand adequately addresses the primary contention presented in this appeal, and we adopt its reasoning and holding as part of the opinion of this Court: *Page 1347 
 "On March 23, 1983, this court entered judgment in this case ordering, among other things, that the plaintiff shall be reinstated into his position with the Department of Education, `[s]ubject . . . to filing an application for continued employment past the age of 70 with the State Personnel Board on or before April 4, 1983,'; and the defendant George C. Wallace as Governor of the State of Alabama was ordered to pay the plaintiff back pay with all benefits which the plaintiff would have earned during the period he was not employed. Defendants Teague and the Alabama Department of Education appealed the judgment; however, Wallace did not appeal.
 "The Supreme Court of Alabama reversed and remanded this court's judgment in Teague v. Glasscock, 456 So.2d 277 (Ala. 1984), because prior to commencement of this case the plaintiff never applied for a continuation of his employment past the age of 70. Although this court was not specifically directed to do so, the court interprets the Supreme Court's remand [as directing] that the court should enter judgment consistent with the opinion of the Supreme Court.
 "Governor Wallace pursuant to Rule 60 (b)(6), A.R.Civ.P., requests the court to set aside its prior judgment because of the reversal of the case. The plaintiff, on the other hand, insists that the original judgment is binding on Governor Wallace because of his failure to appeal.
 "The court requested supplemental oral argument on the motions filed by Governor Wallace and the plaintiff. It was represented to the court that earlier in this litigation Governor Wallace felt that his interests were adequately represented by counsel for Teague and the Department of Education, and that a separate appearance on his behalf would be unnecessary. After the entry of judgment by this court, counsel for Wallace informed his client that an appeal probably would be taken; however, counsel for Governor Wallace was never informed that an appeal had, in fact, been taken, and, thus, this was not communicated to his client. The record in this case reflects that no notice of appeal was served on Governor Wallace or his counsel (Mr. Ron Forehand of the Attorney General's office).[1]
 "The appeal was taken on the forty-first (41st) day after entry of the judgment.
 "Counsel for all parties agree that the reversal of this case was based on a factual determination by the Supreme Court which was not addressed by this court or raised by counsel on appeal.[2] An examination of the record in this case also shows that plaintiff's counsel never attempted to execute on the judgment entered against Wallace, and it was only after this case was reversed that he realized that Governor Wallace had not appealed.
 "Rule 60 (b)(6), A.R.Civ.P., is an extreme and powerful remedy and should be used only under extraordinary circumstances, and it is not available as a substitute for an appeal. Gallups v. United States Steel Corp., 353 So.2d 1169, 1172
(Ala.Civ.App. 1978). Ordinarily, where a judgment is rendered against two defendants and one appeals, the judgment is valid against the non-appealing party. However, the court finds the following statement at 5B C.J.S. Appeal Error § 1920 [(1958)] informative in this case:
 "`The rule that reversal on appeal by a party does not justify reversal of nonappealing parties, however, is not *Page 1348 
invariable, and where the judgment is not severable, or where the rights and interests of the parties are so intermingled and interdependent that reversal in favor of one would injuriously affect the right of his co-parties, the court, if reversal is proper as to appellant, may reverse as to non-appealing parties.'
 "The general rule that a Rule 60 (b)(6) motion is not a remedy for failure to take an appeal is not inflexible, and in unusual cases it may afford relief. 11 C. Wright A. Miller, Federal Practice and Procedure: Civil § 2864 (1973). At this late date the court is not informed that the plaintiff has ever applied with the State Personnel Board to continue his employment past the age of 70 as provided in ¶ no. 2 of the court's judgment.
 "The court holds that the Rule 60 (b)(6) motion is particularly applicable to this case, and in the interests of justice should be granted."
The court set aside the judgments entered against the defendants and entered judgments in their favor.
Other than the issue as to whether Governor Wallace's Rule 60 (b)(6) motion was due to be granted, plaintiff argues only that this Court should revisit its prior decision in this case because it reversed on a ground not raised by the parties.
This Court overruled Glasscock's application for rehearing in the prior appeal of this case. His request that we now overturn the prior decision amounts to a second application for rehearing. "No second application for rehearing will be considered unless the rehearing reversed or substantially modified the original opinion of the court." Rule 41, A.R.Civ.P. Furthermore, the decision in the prior appeal is the law of the case. Congress of Industrial Organizations v.McAdory, 246 Ala. 198 (1944), cert. dismissed, 325 U.S. 472,65 S.Ct. 1395, 89 L.Ed. 1741 (1945); Premier Industrial Corp. v.Marlow, 292 Ala. 407, 295 So.2d 396 (1974), cert. denied,419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974). Because the appeal raises only this issue regarding the judgment against Teague and the Department of Education, it is due to be dismissed as to these defendants.
The judgment of the trial court in favor of Governor Wallace is due to be, and it is hereby, affirmed. The appeal from the judgment in favor of Teague and the Department of Education is dismissed.
AFFIRMED AS TO WALLACE; APPEAL DISMISSED AS TO TEAGUE AND THE DEPARTMENT OF EDUCATION.
MADDOX, BEATTY and HOUSTON, JJ., concur.
TORBERT, C.J., concurs in the result.
[1] "Rule 3 (d)[, A.R.A.P.,] does not require that a co-defendant be served by the clerk with a copy of the notice of appeal. However, the committee comments note that `In accordance with the [former] practice under Code 1940, Title 7, § 804, even parties not joining in the appeal are given a copy of the notice of appeal.'"
[2] "The opinion of the Alabama Supreme Court can be read [as indicating] that the court believed the back pay issue was before it. At [456 So.2d 280] the court said, `Plaintiff, in effect, seeks back pay for work not performed, on the theory that he was denied the right to continue working, when, in fact, he never sought to continue working.' (Emphasis supplied.)"