These issues are presented on appeal:
(1) Whether the action, a suit on a promissory note, was barred because it had previously been litigated by the same parties, or because the issue presented in this action could have been litigated in a prior proceeding.
(2) Whether an affidavit filed in support of the plaintiff's motion for summary judgment in this cause complied with the requirements of Rule 56 (e), Ala.R.Civ.P.
(3) Whether the trial judge abused his discretion in refusing to grant the defendant's request for a continuance to allow him to secure affidavits in opposition to the motion for summary judgment.
The original complaint was filed in this cause on March 25, 1985, and arose out of an alleged default in the payment of an installment on a $195,000 note dated July 12, 1982. On June 13, 1985, plaintiff filed a motion for summary judgment, along with an affidavit signed by the plaintiff, that the note was in default, and that he was entitled to a judgment on the note together with a reasonable attorney fee, which plaintiff claimed in his affidavit was $52,000. In response, and in opposition to the motion, defendant's original counsel moved for 45 additional days to respond to the motion for summary judgment in order to obtain affidavits in opposition to it. Thereafter, on July 10, 1985, defendant's original counsel moved to withdraw. *Page 579 
Summary judgment was entered by the court on July 26, 1985, while both the motion for additional time, and the motion to withdraw, were pending. The motion for additional time was later marked "moot" by the court, and an order granting the motion to withdraw was entered on August 5, 1985. Thereafter, defendant, through his present counsel, moved, on August 9, 1985, to vacate the judgment, under Ala.R.Civ.P. 59 (e), on the grounds (1) that the affidavit on which the summary judgment was based did not comply with Rule 56 (e) insofar as it related to attorney fees and, therefore, could not support the award of attorney fees in the summary judgment; (2) that the defendant had no notice of the July 26, 1985, hearing on the summary judgment motion, and (3) on the principal ground that the same indebtedness had been previously litigated in the Circuit Court of Baldwin County and a judgment in favor of the defendant rendered in that cause. In support of the motion to vacate, he attached an affidavit along with what he alleged was a true and correct copy of the material portions of the Baldwin County Circuit Court suit. The motion to vacate the summary judgment was denied by the trial judge, the Honorable Telfair J. Mashburn, on September 13, 1985. Defendant appealed.
 I
We first consider whether this cause was barred by the doctrine of res judicata. In the record, it appears that the same note made the basis of this suit was involved in prior litigation filed in Baldwin County, and that the issues presented in that suit were decided adversely to the plaintiff in this case; however, it is also clear that the earlier suit, which was filed on November 2, 1982, and decided on October 22, 1984, did not involve the alleged default made the basis of this suit. The present action centers around a payment the defendant failed to make on January 20, 1985, and that issue was not involved in the Baldwin County action.
This Court's rule as to res judicata is well established:
 "The elements of res judicata are as follows: (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits. . . . If these elements are present, then the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action."
Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190,1199 (Ala. 1978) (citations omitted).
In the case at bar, the fourth requirement is not met. The case in Baldwin County, while involving a claim for payment in full of the same note, did not involve the same cause of action because the claim made here did not arise until January 1985, some three months after the Baldwin County case was decided. This was a separate claim, based upon an alleged default which, while involving the same note, did not involve the same claim of default made here.
 II
Second, the appellant/defendant argues that the plaintiff's affidavit filed in connection with the motion for summary judgment does not comply with Rule 56 (e), Ala.R.Civ.P. As a part of his affidavit, the plaintiff stated:
 "It was necessary for me to engage the services of an attorney to assist in collecting this note, and a reasonable attorney's fee for his services would be one-third (1/3) of the principal balance due, or Fifty-two Thousand and 00/100 dollars ($52,000)."
In pertinent part, Rule 56 (e) provides:
 "Supporting or opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated *Page 580 therein. . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis added.)
The defendant failed to raise the sufficiency of the affidavit in his motion in opposition to summary judgment; that motion merely requested additional time to secure opposing affidavits. Defendant raised it for the first time on his motion to set aside the trial court's order granting summary judgment in favor of the plaintiff. Defendant's original counsel had filed the initial motion for an extension of time within which to secure affidavits in opposition to the motion for summary judgment. That motion and the later motion by defendant's counsel to withdraw were not ruled upon until after the trial court had granted plaintiff's summary judgment. We shall later in this opinion discuss the nonprejudicial effect of this procedure, but we state now that we believe that under thefacts of this case, no reversible error is shown. The affidavit of the plaintiff with regard to the default on the note is sufficient to support the award of the principal owed on the note, and the note itself provided for the award of reasonable attorney fees. At the time the trial judge ruled on plaintiff's motion for summary judgment, he did not have, of course, the evidence concerning the prior Baldwin County suit on the note, but the record shows that a hearing was held at the time the motion for summary judgment was granted.
We must assume that the trial judge examined the information before him at the time he heard the motion for summary judgment, and that he decided that no evidence of a genuine issue of material fact was presented. He, therefore, was entitled to issue summary judgment in favor of the plaintiff.See, Thompson v. Lee, 439 So.2d 113, 115 (Ala. 1983); Hutchinsv. State Farm Mutual Automobile Insurance Co., 436 So.2d 819,825 (Ala. 1983); Sullivan v. South Central Bell, 408 So.2d 153,154 (Ala.Civ.App. 1981).
Even assuming that the plaintiff was not competent to testify as to a reasonable attorney fee and therefore that his affidavit did not comply with Rule 56 (e) in that particular, we have recognized that a reasonable attorney fee may be set by the court in its discretion. "The court is presumed to have knowledge, even without evidence, from which it may set such a fee." Cooley v. Cooley, 45 Ala. App. 461, 463, 231 So.2d 915,917 (1970). The plaintiff in this case was actually awarded as an attorney fee about $20,000 less than he requested in his complaint. The amount of attorney fees actually awarded represented about 17% of the amount due on the note. We cannot say, as a matter of law, that the amount of attorney fees awarded was an abuse of discretion.
 III
As earlier stated, appellant argues three grounds in his post judgment motion to support his claim that the trial judge abused his discretion in failing to set aside the summary judgment; (1) that the affidavit did not support the judgment's award of attorney fees because it did not comply with Rule 56; (2) that the claim was barred because of res judicata; and (3) that the procedural posture of this case required a denial of the summary judgment because the defendant had no notice of the hearing on plaintiff's summary judgment motion. We have already discussed the first two of these issues and have alluded to the third in the discussion of the sufficiency of the affidavit concerning a reasonable attorney fee. We now turn directly to that third issue. As previously stated, defendant's original counsel filed a motion in opposition to the motion for summary judgment in which he requested an extension of time within which to secure opposing affidavits. This motion was not ruled on by the trial *Page 581 
judge until August 1, 1985, seven days after the summary judgment was granted. Original counsel's motion for leave to withdraw because he had been discharged by his client was filed on July 10, 1985, but was not actually granted until August 5, 1985. Defendant's new counsel filed a motion to vacate the summary judgment on August 9, 1985. The record is silent as to whether defendant was represented by counsel at the hearing on the motion for summary judgment.
Procedurally, of course, it would have been better had the motion for an extension of time been ruled upon earlier. The motion in opposition could have been properly treated, and probably was treated as a Rule 56 (f) motion for continuance to allow time to file a supporting affidavit. Of course, the decision on whether to grant such an extension of time is in the sound discretion of the trial judge. Here, the trial judge exercised his discretion and did not grant the extension of time, and instead, granted summary judgment for the plaintiff. This Court will not disturb matters resting in the sound discretion of the trial court unless there is a clear abuse of that discretion. Ex parte Guerdon Industries, Inc.,373 So.2d 322, 324 (Ala. 1979). We hold there is not such a clear abuse of discretion in this case that we can say, as a matter of law, that the trial judge erred.
Based upon defendant's August 9 motion to set aside the judgment, and the evidence presented in support of it, we are of the opinion that no prejudice is shown in this case which would require reversal. Rule 45, Ala.R.App.P. The motion to set aside was one which was within the sound discretion of the trial judge. Pitts v. Henley, 384 So.2d 1105, 1108
(Ala.Civ.App. 1980). That case also holds that in exercising its discretion the court must balance the desire to remedy injustice against the need for finality of judgments, citingTichansky v. Tichansky, 54 Ala. App. 209, 307 So.2d 20 (1974),cert. denied, 293 Ala. 775, 307 So.2d 24 (1975).
Applying these rules to the case at hand, we must assume the trial judge found the need for finality in this case to outweigh any alleged injustice. We will reverse the trial judge's ruling only for an abuse of discretion. The standard for deciding whether there was an abuse of discretion is found in the case of Marsh v. Marsh, 338 So.2d 422, 423 (Ala.Civ.App. 1976). In deciding whether there was an abuse of discretion under the rules relating to post-trial actions, the reviewing court looks to the grounds presented and the materials offered in support of the motion. Looking at the affidavits and the materials offered in support of defendant's motion to set aside the summary judgment, we find that the trial judge did not abuse his discretion. The summary judgment is therefore due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.