577 So.2d 1256 (1991)
STATE of Alabama
v.
James Clyde BROWN, et al.
89-1812.
Supreme Court of Alabama.
March 8, 1991.
Don Siegelman, Atty. Gen., and Mary Elizabeth Culberson, Asst. Atty. Gen., for appellant.
William J. Baxley and Joel F. Dillard of Baxley, Dillard & Dauphin, Birmingham, and J. Doyle Fuller and George L. Beck, Jr., Montgomery, for appellees.
David R. Boyd, W. Joseph McCorkle, Jr. and Dorman Walker of Balch & Bingham, Montgomery, amici curiae in support of the State.
SHORES, Justice.
This case is here after our remand of Brown v. State, 565 So.2d 585 (Ala.1990), to the trial court for the setting of attorneys fees. The Honorable Charles Price, Circuit Judge for Montgomery County, held a hearing and awarded the sum of $1,197,186.88 to the attorneys for the plaintiff class. The State of Alabama appeals. We affirm.
The class action that became Brown I[1] and Brown II[2] on earlier appeals, and now becomes Brown III, was an outgrowth of this Court's decision in Ex parte Dison, 469 So.2d 662 (Ala.1984), which reversed a defendant's conviction for driving under the influence in violation of Code 1975, § 32-5A-191, because the Uniform Traffic Ticket and Complaint ("UTTC") issued to the defendant had not been verified before a judicial officer and the defendant had raised that issue at the time of trial.
A class action was filed by James Clyde Brown and Terry P. Duncan against the State of Alabama, the City of Montgomery, and others, on behalf of themselves and all those who were convicted of traffic offenses based upon improperly verified UTTCs. Two classes of plaintiffs were certified by the trial judge. Subclass A contained those persons whose tickets were not verified and that fact was apparent on the face of the ticket. Subclass B contained *1257 those persons whose UTTCs appeared to be properly verified on the face of the ticket but, in fact, were not. See Brown II, supra, at 586.
In Brown I, the trial judge entered a summary judgment in favor of the plaintiffs as to Subclass A only. On the authority of City of Dothan v. Holloway, 501 So.2d 1136 (Ala.1986), this Court reversed the judgment of the circuit court as to Subclass A and remanded the cause.
The defendants then filed a motion to dismiss the plaintiffs' claims as to Subclass B. The trial judge dismissed the claims of Subclass B on the authority of the appeal in Brown I. This dismissal was appealed to this Court as Brown II. We affirmed the judgment of the trial court insofar as it denied the relief sought by the members of Subclass B. We did, however, award attorney fees to the plaintiff class, explaining as follows:
"The members of plaintiff class have been put to trial on, or pleaded guilty to, charges to which no person had sworn on oath before a judge or other official. They cannot be said to have waived the defect, because it was not apparent on the face of the UTTC that it was defective. However, their attack on the judgments is a collateral one, coming many years after the judgments were entered. They now seek to have the judgments vacated and the fines refunded. They cannot prevail on these claims. See Cobbs v. Norville, 227 Ala. 621 at 623, 151 So. 576 at 577 (1933); Carlton v. Owens, 443 So.2d 1227 at 1231 (Ala. 1983). They have not produced any evidence of fraud or corruption on the part of any state, county or municipal officer. The practice of certifying that the officer issuing the UTTC had sworn to the charge when this was not the fact, is reprehensible, but there appears to be no reason for it, except ignorance of what the law requires. Those responsible for educating the people of what is required to prosecute citizens of this state on the UTTC bear the burden for this.
"....
"Accordingly, we affirm the judgment of the trial court insofar as it denies the relief sought by the plaintiffs on behalf of Subclass B. They have not shown that the convictions should be vacated, nor have they shown that the fines paid should be returned. The plaintiffs have, however, made a significant contribution to the integrity of our system of jurisprudence in calling attention to a serious flaw in its administration. They have done more in that regard to advance the cause of justice than vacating the judgments of the class members would achieve. We are informed by counsel on both sides of this case that because of this and similar litigation, the practice has been discontinued and that now the officers issuing the UTTC's appear before a judge or magistrate and swear on oath to the charges made therein. We hold that the judgments are not due to be vacated; we also hold that under well settled principles of law, the fines cannot be recovered. However the plaintiffs are entitled to attorney fees."
565 So.2d at 590-91. We then remanded the case to the trial court for proceedings to determine the amount of attorney fees to be awarded. The question before the trial court was not whether to award attorney fees, but what amount should be awarded.
A hearing was held on September 4, 1990, to determine the amount of these fees. The State of Alabama did not file a motion for a new trial; instead, it filed a notice of appeal from the order awarding fees.
On appeal, the State attempts to reargue Brown II. It contends that the plaintiff class was not entitled to attorney fees as a matter of law, and second, that the plaintiff class was not entitled to attorney fees because the plaintiffs did not prevail. These are the same matters that were the subject of the State's application for rehearing in Brown II. Rule 40, A.R. App.P., prohibits us from revisiting these issues.
We observed in Glasscock v. Wallace, 488 So.2d 1346 (Ala.1986), that an attempt *1258 in a subsequent appeal to overturn a ruling on an issue that has been decided in a prior appeal is improper. We stated as follows:
"Other than the issue as to whether Governor Wallace's Rule 60(b)(6) motion was due to be granted, plaintiff argues only that this Court should revisit its prior decision in this case because it reversed on a ground not raised by the parties.
"This Court overruled Glasscock's application for rehearing in the prior appeal of this case. His request that we now overturn the prior decision amounts to a second application for rehearing. `No second application for rehearing will be considered unless the rehearing reversed or substantially modified the original opinion of the court.' Rule 41, A.R. Civ.P. Furthermore, the decision in the prior appeal is the law of the case. Congress of Industrial Organizations v. McAdory, 246 Ala. 198 [, 20 So.2d 40] (1944), cert. dismissed, 325 U.S. 472, 65 S.Ct. 1395, 89 L.Ed. 1741 (1945); Premier Industrial Corp. v. Marlow, 292 Ala. 407, 295 So.2d 396 (1974), cert. denied, 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974). Because the appeal raises only this issue regarding the judgment against Teague and the Department of Education, it is due to be dismissed as to these defendants."
488 So.2d 1348.
Accordingly, the only issue before us is whether the award of attorney fees was excessive. The record reflects that Judge Price held a hearing on the matter on September 4, 1990, and issued this order:
"The Supreme Court remanded this cause to this Court with instructions to determine the amount of an attorney fee to be awarded in this case from the State of Alabama according to the following guidelines, which it listed in no particular order:
"(1) The measure of success achieved.
"(2) The nature and value of the subject matter of the attorney's employment, including the novelty and difficulty of the questions presented.
"(3) The learning, skill, and labor requisite to perform the legal service properly.
"(4) The time consumed and reasonable expenses incurred by the attorney.
"(5) The professional experience, reputation and ability of the attorney.
"(6) The weight of his responsibility.
"(7) The fee arrangement between attorney and client, including whether a fee was fixed or contingent.
"(8) The fee customarily charged in the locality for similar legal services and awards in similar cases.
"(9) The time limitations imposed by the client or by the circumstances.
"(10) The likelihood that the attorney's employment in this case precluded other employment.
"(11) The nature and length of the professional relationship with the client.
"(12) The undesirability of the case.
"(13) Any non-monetary benefits conferred upon the class in this class action.
"and the Supreme Court directed that this Court review the following cases in connection with the determination of an attorney fee: Reynolds v. First Alabama Bank of Montgomery, N.A., 471 So.2d 1238 (Ala.1983), Peebles v. Miley, 439 So.2d 137 (Ala.1983), Mashburn v. National Healthcare, Inc., 684 F.Supp. [679] (M.D.Ala.1988), and Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974).
"The Court has reviewed each of the thirteen guidelines and each of the four reported decisions cited above, along with the decision of the Supreme Court which clearly mandates the award which follows.
"The Court heard arguments of counsel and testimony when this matter came on to be heard on September 4, 1990, after a continuance which was sought by the State of Alabama, and granted. The State filed a motion for summary judgment in open court during the course of the evidentiary hearing and that motion was, and is, DENIED.
*1259 "One expert witness testified for each of the parties, affidavits from additional attorneys were introduced into evidence, and Montgomery County District Court records reflecting a total fine and costs amount in controversy were submitted to the Court by stipulation of the parties. The sum stipulated was $4,788,747.55.
"The attorneys for the plaintiff class have applied to the Court for an attorney fee of $2,394,373.77. This application is DENIED because the Court finds it excessive. In denying the fee requested by counsel for the plaintiff class, the Court is mindful of the undisputed evidence that counsel for the plaintiff class enjoy excellent reputations, have particular expertise in cases of this nature, devoted thousands of hours to this case for five years without any payment whatsoever, and did so in spite of the undesirability of the case and its contingent nature.
"Counsel for the plaintiffs in Mashburn, supra, recommends to this Court an attorney fee of $2,215,631.20 on an hourly lodestar basis, or in the alternative, $1,915,499.02 on a percentage basis, opining that any lesser fee would constitute a rejection of the Supreme Court's judgment that the attorneys for plaintiffs accomplished much more than mere establishment of a common fund. While the Court agrees that attorneys for Brown did, in fact, accomplish much more than the mere establishment of a common fund, it also REJECTS each of the amounts recommended by counsel for Mashburn as excessive. As unique as this case is, the Court is not persuaded that hourly lodestar calculationseven though in this case such calculations would reasonably result in an attorney fee of $2,215,631.20were mandated by the Supreme Court. The Court has, as ordered, considered the many hours expended by counsel for Brown with commendable zeal as but one of the thirteen guidelines required in its analysis.
"The Court is particularly impressed by the scholarly opinion and judgment of United States District Judge Joel Dubina in Mashburn, supra. Judge Dubina has provided not only the Alabama Supreme Court, but also this Court, with an invaluable comprehensive collection of case law, logically and intellectually interpreted, which is of enormous benefit in cases like this. In this case, the Court is convinced that application of Judge Dubina's hourly lodestar analysis would result in a substantially higher award to counsel for Brown, but nevertheless REJECTS such a method of determining the fee in this case as excessive.
"The Reynolds case cited in the Supreme Court's remand instructions is familiar to this Court; it involved a one-third percentage award ordered by this Court. The attorneys for Reynolds were no more successful than the attorneys for Brown, but the judicial task of determining an award of an attorney fee was simplified by the establishment of a common fund.
"The fact that no common fund exists in this case has been dealt with effectively by Justice Shores' majority opinion, which, like Justice Adams' opinion in Reynolds, supra, cites Mills v. Electric Auto-Lite, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970), as follows:
"`The fact that this suit has not yet produced, and may never produce, a monetary recovery from which fees could be paid does not preclude an award based on this rationale.'
"396 U.S. at 392 [90 S.Ct. at 625].
"The Supreme Court having made it clear that absence of a common fund is immaterial, the Court hereby determines that the same one-third percentage fee awarded in Reynolds would be awarded plaintiffs' counsel here had a common fund been established. This Court, nevertheless, REJECTS an award in this amount as excessive in the absence of a common fund. Rejection of the greater sum sought by plaintiff's counseland warranted under the hourly lodestar methodshould not be interpreted by them to in any way reflect negatively upon their services to the class. Their services have been superior. The Court simply determines that the attorney fee *1260 award mandated by the Supreme Court should be no more and no less than twenty-five percent in the absence of a common fund, even though an award of one-third, such as was affirmed in Reynolds, supra, would be appropriate had a common fund been established. While the out-of-pocket expenses incurred by counsel have been substantial, the Court further determines that these out-of-pocket expenses should be borne by counsel from their twenty-five percent fee.
"Judgment is hereby entered in favor of William J. Baxley, Joel E. Dillard, J. Doyle Fuller and George L. Beck, collectively, against the State of Alabama in the sum of $1,197,186.88.
"Each party to this action is ordered to bear its own costs.
"Done this 7th day of September, 1990.
 "s/ Charles Price
 "Circuit Judge"
This order reflects that Judge Price heard evidence concerning the question of the appropriate amount to award as attorney fees. He had before him the fact that the total amount of fines and costs in controversy was stipulated to be $4,788,747.55. The attorneys for the plaintiff class had applied to the trial court for attorney fees of $2,394,373.77. In addition, he had the testimony of one expert witness for each of the parties. Judge Price weighed this testimony against the 13 guidelines this Court had given him and the cases cited for his consideration, and he awarded attorney fees of $1,197,186.88.
This Court has recognized that, in a proper case, a reasonable attorney fee may be set by the court in its discretion, and that the trial court's decision can be reversed only for an abuse of discretion. Robbins v. Smith, 495 So.2d 577, 580 (Ala.1986); Ingalls v. Hare, 266 Ala. 221, 96 So.2d 266 (1957). We have carefully reviewed the record and the trial court's reasoning. We find that the award of attorney fees is due to be affirmed. See Reynolds v. First Alabama Bank of Montgomery, N.A., 471 So.2d 1238 (Ala.1983); Peebles v. Miley, 439 So.2d 137 (Ala.1983); Mashburn v. National Healthcare, Inc., 684 F.Supp. 679 (M.D.Ala.1988); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).
AFFIRMED.
ALMON, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.
MADDOX, Justice (dissenting).
In Brown v. State, 565 So.2d 585 (Ala. 1990) ("Brown II"), I expressed, in a dissenting opinion, the reasons why I thought that attorney fees should not be awarded in this case. I desire to add additional reasons why I think that the awarding of attorney fees in this case is inappropriate. Statement in Brown II that Litigation Caused Change In Practice of Handling Traffic Tickets Not Supported in Record
In the opinion in Brown II this Court stated as a basis for the award of attorney fees that "[t]his litigation clearly resulted in a benefit to the general public," because "[i]t is unquestionable that plaintiffs' attorneys rendered a public service by bringing an end to an improper practice," and that "[t]he public nature of the services rendered by these lawyers justifies an award of attorney fees."
The inference from that statement in the majority opinion in Brown II is that the filing of this lawsuit was what caused the change in the practice used in Montgomery County to verify traffic tickets. With all due respect to the majority, I must point out that there was no evidence in the record that was before the Court in Brown II to support that finding. This record shows affirmatively that it was not this lawsuit that caused the practice to change, but the release of this Court's opinion in Ex parte Dison, 469 So.2d 662 (Ala.1984), which was released before this case was filed,[3] and was later overruled by City of *1261 Dothan v. Holloway, 501 So.2d 1136 (Ala. 1986).

Opinion Fails to Address an Issue Raised on this Appeal
I wish to make one further point. The State of Alabama, by and through the attorney general, raised in the trial court, and in this Court, a constitutional issue of the right of this Court to award attorney fees against the State of Alabama, in view of the provisions of Section 14 of the Constitution of Alabama, 1901.[4] Unfortunately, the Court has elected not to address this important constitutional question, by stating that it is an issue that was decided adversely to the State on original deliverance and on rehearing, and that the State is attempting to raise the issue for a second time. I believe the Court is mistaken in thinking that the constitutional issue was raised in the State's application for rehearing in Brown II. I have checked the original briefs and the application for rehearing in that case, and I conclude that the constitutional issue was not raised. Normally, this Court will address a constitutional claim that is properly raised in the trial court. Delview Meadow Gold Division Beatrice Foods Co. v. Alabama Dairy Comm'n, 383 So.2d 511 (Ala.1978).
Based on the foregoing reasons, I dissent.
STEAGALL, J., concurs.
NOTES
[1] State v. Brown, 514 So.2d 836 (Ala.1987), cert. denied, 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988).
[2] Brown v. State, 565 So.2d 585 (Ala.1990).
[3] The State of Alabama filed a motion for summary judgment in Brown II and for a denial of attorneys' fees, on the grounds that "[t]he State of Alabama is immune from the award of attorney's fees, pursuant to Article I, Section 14, Constitution of Alabama, 1901," and that "[t]he defendants are entitled to summary judgment as a matter of law, because the undisputed facts show that the District Court of Montgomery County began to properly verify UTTCs in accordance with the decision in Ex parte Dison, 469 So.2d 662 (Ala.1984), [when] the Clerk of the District Court learned of the decision in Dison on November 28, 1984, more than two months before the [instant] lawsuit was filed." The State attached affidavits of the district court clerk, the circuit court clerk, certified copies of "Legal Notes" from the Administrative Office of Courts, and certified copies of UTTCs.
[4] As shown in footnote 2, supra, the constitutional issue was raised in a motion for summary judgment, supported by affidavits and other evidence.