HOUSTON, Justice.
Robert D. Long and Judy L. Long, husband and wife, appeal the trial court’s order denying their Rule 60(b)(6), Ala.R.Civ.P., motion for relief from a judgment in favor of Chicago Title Insurance Company (“Chicago Title”).[1] We affirm.
In 1973 the Longs purchased a house in a subdivision in Jefferson County. A title examination made in 1973 by Chicago Title for the Longs failed to disclose that in 1902 the county had acquired an easement by condemnation across what is now the Longs’ property and that in 1907 the county had constructed an underground sewer on its easement. The petition for condemnation, the commission to assess damages, and the report of the commissioners were all recorded in the final record of the probate court.
The Longs’ house was built in 1939 directly over the sewer. The ground around and under the Longs’ house began to sink in October 1987, causing structural damage to the house. After the Longs notified them of the problem, county representatives inspected the Longs’ property and informed them that the county’s sewer had collapsed. The county representatives also told the Longs that the county had an easement across the Longs’ property and that the county would not assume responsibility for any of the damage. The county did reroute the sewer, and it filled that section of the old sewer that ran under the Longs’ house "with concrete to prevent further deterioration.
The Longs sued the county, seeking damages for trespass and negligence, and Chicago Title, seeking damages for breach of contract, negligence, and wantonness. The trial court entered a summary judgment for the county. The Longs proceeded to trial on their claims against Chicago Title; however, the trial court directed a verdict for Chicago Title at the close of the Longs’ case, holding that Chicago Title was under no legal duty to search the final record of the probate court. The trial court later denied the Longs’ motion for a new trial, after the Longs had conceded that Chicago Title was entitled under Fort Payne Water Works Board v. Sparks, 600 So.2d 230 (Ala.1992), to a judgment as a matter of law. In Fort Payne, this Court held that the Sparkses did not have constructive knowledge of an easement that had been acquired by the Water Works Board through a 1984 condemnation proceeding because there was no evidence of the condemnation proceeding in the “real property records” of the probate court when they purchased their property. The condemnation petition at issue in Fort Payne, like the one pertaining to the Longs’ property, was recorded in the final record of the probate court, and the condemnation judgment at issue in Fort Payne was recorded in the minutes of the probate court before the Sparkses purchased their property. The Longs did not appeal the judgment entered on the directed verdict. Instead, the Longs appealed the summary judgment for the county, arguing, among other things, that they were purchasers for value without notice of the county’s sewer easement and, therefore, that the county’s easement was void as to them, under Ala.Code 1975, § 35-4-90. The Longs relied on Fort Payne in support of their argument that the county’s *591 condemnation proceeding was outside their chain of title and, thus, that it did not provide them with constructive notice of the county’s sewer easement. After reexamining the law, we rejected the Longs’ argument, overruling Fort Payne in the process, and affirmed the summary judgment insofar as it pertained to the Longs’ trespass claim. However, we reversed the judgment insofar as it pertained to the Longs’ negligence claim, and we remanded the ease for further proceedings. See Long v. Jefferson County, 623 So.2d 1130 (Ala.1993). On remand, the Longs’ negligence claim was tried to a jury, which returned a $60,500 verdict for the Longs.
Shortly after our holding in Long v. Jefferson County, the Longs filed a Rule 60(b)(6) motion, seeking to set aside the judgment in favor of Chicago Title. The Longs argued that, because Fort Payne had been overruled, they should be allowed to proceed with their claims against Chicago Title. The trial court denied the motion.
Rule 60(b)(6) is an extreme and powerful remedy and is available only under compelling circumstances when the movant can show the court sufficient equitable grounds entitling the movant to relief. Patterson v. Hays, 623 So.2d 1142 (Ala.1993). The rule cannot be used, except in extraordinary cases, as a remedy for the failure to appeal. See Glasscock v. Wallace, 488 So.2d 1346 (Ala.1986). It is also generally understood that a change in the law, in the absence of other compelling circumstances, does not constitute such changed circumstances as to justify relief. Patterson v. Hays; Ritter v. Smith, 811 F.2d 1398 (11th Cir.1987), cert. denied, 483 U.S. 1010, 107 S.Ct. 3242, 97 L.Ed.2d 747 (1987). Relief under Rule 60(b)(6) is discretionary with the trial court, and a strong presumption of correctness attaches to the trial court’s ruling on a Rule 60(b)(6) motion. Wilson v. Cox, 589 So.2d 723 (Ala.1991).
After carefully examining the record, we conclude that, although the Longs’ claims against the county and against Chicago Title arose out of the same unfortunate incident, the circumstances of this case are not so extraordinary or compelling as to warrant reopening the final judgment in favor of Chicago Title. The Longs’ claims against Chicago Title were based on allegations that Chicago' Title had a legal duty to search the final record of the probate court for evidence of a previous condemnation proceeding and that it had failed to do so. However, even though the Longs were aware of the Fort Payne decision when their new trial motion was denied and even though they were told by the trial court that their only recourse against Chicago Title was to appeal, the Longs made a conscious decision not to challenge the holding in Fort Payne. Instead, the Longs relied on Fort Payne in support of their appeal of the summary judgment for the county. Under these circumstances, we cannot hold that the trial court abused its discretion in denying the Longs’ Rule 60(b)(6) motion; to so hold would allow the rule to be used as a mere substitute for an appeal and would subvert the principle of finality of judgments. Patterson v. Hays, supra.
We note that we have fully considered each of the cases cited by the Longs, particularly Glasscock v. Wallace, supra; Ritter v. Smith, supra; Overbee v. Van Waters & Rogers, 765 F.2d 578 (6th Cir.1985); Pierce v. Cook & Co., 518 F.2d 720 (10th Cir.1975), cert. denied, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976); and Adams v. Merrill Lynch, Pierce, Fenner & Smith, 888 F.2d 696 (10th Cir.1989). However, Ritter, Over-bee, Pierce, and Adams are distinguishable in that none of the movants in those cases attempted to use Federal Rule 60(b)(6) simply as a substitute for an appeal. In Glasscock v. Wallace, a judgment had been entered against three defendants, including then Governor George Wallace. Unlike his co-defendants, Governor Wallace did not appeal the judgment. This Court in Teague v. Glasscock, 456 So.2d 277 (Ala.1984), reversed the judgment insofar as it pertained to the co-defendants. Governor Wallace thereafter — in Glasscock v. Wallace — successfully sought relief from the judgment under Rule 60(b)(6). Recognizing the flexibility of the general rule prohibiting the use of Rule 60(b)(6) as a remedy for the failure to appeal, we held that the trial court did not abuse its discretion in granting Governor Wallace’s *592 Rule 60(b)(6) motion because the judgment was not severable with respect to the three defendants and because the rights and interests of the three defendants were so intermingled and interdependent that reversal in favor of his co-defendants only would have injuriously affected the rights of Governor Wallace. Suffice it to say that the unusual circumstances found to exist in Glasscock do not exist in the present case.
For the foregoing reasons, we hold that the trial court did not abuse its discretion in denying the Longs’ Rule 60(b)(6) motion.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL, INGRAM and COOK, JJ., concur.

. Although the Longs state in the “Issue” section of their brief that the trial court erred in denying their request for relief under Rule 60(b)(5), they did nothing more than quote Rule 60(b)(5) in the "Argument” section of their brief. Therefore, the Longs waived their right to challenge the propriety of the trial court’s ruling on their request for relief under Rule 60(b)(5). McLemore v. Fleming, 604 So.2d 353 (Ala.1992); Cook v. Latimer, 279 Ala. 294, 184 So.2d 807 (1966).